## HEERMANCE against VERNOY.

IN error, on *certiorari.* *Vernoy* brought an action of trespass against *Heermance*, in the court below, and declared, that the defendant, on the 20th *January*, 1808,

*It seems,* that a stone for grinding bark, affixed to a mill, called a bark-mill, is not part of the freehold, but personal property. Every vendor of personal property is considered as warranting the *title* of the thing sold, though there is no express warranty. A person who has sold personal property is not a competent witness for the vendee of such property, in a suit brought against him for taking it away.

If A enters on the land of B without his permission, to take a chattel belonging to A. it is trespass.

at, &c. with force and arms, broke and entered the close of the plaintiff, and broke down a *bark-mill* of the plaintiff's, and broke loose a millstone fastened to the freehold in the said mill, and took, and carried it away, together with the iron bands, and bolts wherewith the same had been fastened in the mill to the freehold, and trod down the soil, and 30 sticks of timber and wood of the said mill, took and carried away, &c.

The defendant pleaded not guilty. The cause was tried by a jury, at the request of the defendant below. The plaintiff, *Vernoy*, proved that the defendant entered and broke loose the *millstone* from the bark-mill, which was fixed and fastened to an axis, in the usual manner, with iron bolts and bands, and carried it away, with the iron fastenings.

The defendant offered a witness to prove, that he (the witness) and others had sold the premises to the plaintiff, and had *verbally* excepted the tanning mill, and had since sold it to the defendant. The plaintiff objected, the witness was interested, as he had given the plaintiff a bond of indemnity, that a certain minor, having an undivided interest in the premises, should, when of age, ratify the sale, and release to the plaintiff all his interest, for the consideration paid by the plaintiff to the witness. The facts, as to the interest, being admitted, the judge rejected the witness.

Another witness was then offered, to prove the same facts. He was objected to as being one of the persons who had executed the deed of the premises to the plaintiff, and this being admitted, he was also rejected, as his evidence was inadmissible.

The defendant having no other evidence to offer, the jury found a verdict for the plaintiff for 18 dollars.

*Hawkins*, for the plaintiff in error contended, 1. That the two witnesses who had been rejected were compe-

tent, and ought to have been admitted. (1 *Peake's Law of Ev.* 98.  3 *Term Rep.* 27.)

2. That the stone for grinding bark was personal property, and having been expressly excepted by the plaintiff in error, at the time he sold the freehold, he had a right to take it away. He cited 2 *Str.* 1141. 1 *Salk.* 368. *Holt's Rep.* 65. S. C. *Cooke's* case, *Moore*, 177, 178. 1 *Roll. Rep.* 216. *Owen. Rep.* 70, 71.  4 *Co.* 64. a.  1 *Atk.* 477.  3 *Atk.* 13.  3 *East*, 38.

*L. Elmendorf*, contra, contended, that the evidence of a *parol* exception was inadmissible ; that every thing attached to the freehold passed by the deed, and the stone was a fixture to the mill ; that the plaintiff in error had no right to go on the land of another, without a license, which ought to be pleaded.\* Nor can a witness contradict his own deed.† Besides, the witnesses were interested, having given a deed for the land ; and one of them had also given a bond of indemnity, that one of the heirs should execute a deed to the purchaser.

\* *Co. Litt.* 282, 283.
† 2 *Atk.* 383. 228. 558.

*Per Curiam.* By the evidence given for the plaintiff below, he sufficiently proved the trespass he had alleged ; and if the two witnesses offered by the defendant, in his defence, were incompetent, by reason of interest, then the cause of action remained good. The two witnesses had jointly sold the land, on which the bark-mill stood, to the plaintiff, and they had sold the bark-mill to the defendant. They must have sold it as personal property, because the same was excepted by *parol*, out of the sale of the land, and sold by *parol* to the defendant. These we are to consider as facts, assumed and offered to be proved by the defendant, when he produced his witnesses. According to the doctrine, which is fully and learnedly discussed, in the case of *Elwes* v. *Man*, (3 *East*, 38.) it seems to be the better opinion, that the

NEW-YORK, May, 1810.

HEERMANCE
v
VERNOY.

mill was personal property; for the millstone, with the building covering it, was accessory to the tanning business, a matter of a personal nature. But it is not requisite to decide this point now. It is sufficient for the present case, to observe, that the defendant below considered the bark-millstone, with its iron fastenings, as personal property, by purchasing the same without writing, from a person who had already sold the land on which they were placed, to another, and made a *parol* exception of them, at the time of the sale. On the ground taken by the defendant himself, when he offered his two witnesses, they were incompetent. Every man is considered as warranting the *title* of personal property which he sells, though there be no express warranty for that purpose. The witnesses were then interested in defending the title set up by the defendant, as they stood behind him, and were responsible to him, if it failed.

The entry upon the land of the plaintiff was, at all events, a trespass; and if the defendant showed no title to the millstone, the taking it away was a substantial injury, which well warranted the verdict, and the judgment below ought to be affirmed.

Judgment affirmed.