## PHINEHAS REED *versus* JOHN PRENTISS.

It is no defence to an action on a note, that the article for which it was given proved to be of no value. But had the property never passed, or had fraud been practised, or an express warranty been broken in relation to the article, either of these circumstances might have defeated the action.

THIS was assumpsit on a note from the defendant to the plaintiff, or order, for 70 dollars, dated September 10, 1816. The cause was tried here at the last term on the general issue.

Reed
*vs.*
Prentiss.

It appeared in evidence that the note was given for a quantity of size, made and sold by Reed to Prentiss. Thirty dollars had been paid on the note, when the defendant discovered that the article was of a bad quality and of no value; but he did not prove that Reed was conusant of this fact, nor that the sale was accompanied by any warranty, nor that the size had ever been returned.

The jury were directed that the facts proved did not amount in law to a valid defence, and they returned a verdict for the plaintiff for the balance due on the note; which verdict it was agreed should be affirmed or set aside, as the court might think proper after further advisement on the above direction.

*Wilson*, for the plaintiff.

*J. C. Chamberlain*, for the defendant.

WOODBURY, J. Of the various defences which are made to actions on promissory notes, a considerable portion are founded on circumstances connected with the consideration of the notes.

But the nature and extent of this class of defences, numerous as it is, are not very critically defined, and, therefore, give occasion to much useless litigation. It would, however, be irrelevant to examine any defences except such as were introduced on the trial of this action. These involve some principles which deserve attention, and which, on examination, do not appear to conflict with our directions to the jury.

If a fraud had been practised in relation to the property constituting the consideration of the note sued, that would have been a fact admissible in evidence to defeat the action. Because it is a favorite maxim in law, that fraud destroys every contract which it hath contaminated(1.) But no attempt was made to prove fraud, and an offence of such an odious nature is not to be presumed. The weight of authority as to warranty, also, appears to incline in favor of its being a good defence to an action on a note, when the article

(1) 7 John. 324, Ketletas vs. Fleet. 8 John. 453, Jones vs. Scriven. 13 John. 302. 7 East 480, Brown vs. Davis, in note.

constituting the consideration for the note was stipulated to be of a certain quality, and, on proving to be otherwise, hath, when practicable, been returned to the vender(1.)

(1) 3 Espin. C. 82, Curtis vs. Hannay. 4 Espin. C. 95, Grimaldi vs. White. 7 East 481, in note. 2 Chitty's Pl. 106, in note. 1 Espin. C. 639, note. 7 John. 331. 4 Mass. R. 502, Kimball vs. Cunningham.

The principle seems to be, that as the article received is not the kind of article agreed for, the expected consideration for the note never passed. A breach of warranty also subjects the vender to pay all that is lost by the breach ; and suffering the vendee to avail himself of this breach in answer to a suit for the consideration, prevents circuity of action, and produces no difference in the estimation of the damage. If surprised by the defence, the plaintiff would be entitled to a continuance, for the purpose of preparing to encounter it. But a warranty, though implied as to the title, does

(2) 2 East 314, Parkinson vs. Lee. 1 John. 274, Defreeze vs. Trumper. 6 John. 5, Harmas vs. Vernoy. 2 Bl. C. 451. 10 Mass. Rep. 197, Emerson vs. Brigham.

never, unless by express contract, exist as to the quality(2.) In the present case, however, no evidence was offered to prove an express warranty in relation to the quality of the size, and the implied one as to the title was unbroken. We entertain no doubt, also, that it would have been a good defence to this action, had the property which was the consideration of the note never passed to the vendee. This might have happened by a defect of title, or by a non-delivery of the article, through the fault of the vender. Such circumstances would show an original want, and not a subsequent failure of consideration. No part of what was stipulated would have been delivered : and, consequently,

(3) 2 John. 658. 12 do. 363. 11 do. 547, 50. 3 do. 465. 5 B. & P. 136. 2 Espin. C. 639.

that on which the promise was to rest would not exist(3.)

On the same principle, if only a portion of the specific chattels, money, or other subject matter of the consideration, passes, the note is invalid *pro tanto*, and void as to the residue. 6 *East* 110.—*Peak. C.* 61, 216.—7 *John.* 383. But in the present case the whole article contracted for, accompanied by a valid title, went into the possession of the vendee. The only remaining ground, then, for avoiding the note is, that its consideration has failed in consequence of the size proving to be of a bad quality. But it is very

correctly settled, that this circumstance would furnish no foundation for a distinct action against the vender, either for the money paid, or on a supposed implied warranty, or for the articles given in exchange. 2 *East* 314, *Parkinson* vs. *Lee.* —10 *Mass. R.* 197, *Emerson & al.* vs. *Bingham & al.*— 1 *John.* 96, *Snell & al.* vs. *Moses & al.*—*Do.* 128, 274. Independent of this argument against the defence, we can discover no equity in its support. The defendant deliberately gives his note and receives the article stipulated for; and should its quality prove bad, without any fraud or warranty by the vender, the vender is innocent; and it is no more reasonable that the misfortune should fall upon him than upon the vendee. Without deceit or a special contract, the seller is not responsible for the goodness of articles sold : and the maxim of *caveat emptor* applies in full force. When the specific chattels thus purchased are delivered to the buyer, all is passed which the parties engage; and it would be a solecism to pronounce that the note for them was given without consideration, when the whole subject matter of the consideration was delivered in conformity to the contract. The following cases, adjudging that the mere failure of consideration is no defence to an action of this description, seem conclusive for the plaintiff. 1 *Day* 167, *Pollard* vs. *Lyman.* —2 *John.* 179, *nt. Darland* vs. *Lumnis.*—4 *ditto* 421, *Holden* vs. *Dakin.*—5 *ditto* 354, 404. Consequently, judgment must be entered on the verdict.