The facts in this case sufficiently appear in the opinion of the court, delivered by Ewing, Chief Justice;
One of the reasons presented for setting aside,the verdict rendered for the plaintiff in this case is that an incompetent witness was admitted to give evidence.
The action is in replevin for ship timber. Murphy, the defendant, pleaded that the timber in question was his property ; and upon this point issue was joined. One Fan-had purchased certain trees from the owners of the land on which they grew, had worked them up into ship timber, and had sold the .timber to Harwood, the plaintiff. Murphy alleged that Farr was in his employ and acting for him at the time of the purchase and working up of the timber, and that the sale to Harwood was therefore invalid. After Murphy had given evidence in support of this allegation, Harwood offered Farr as a witness to prove that the purchase was made by him on his own account, and not as the agent or in the employ of Murphy, and thereby to establish the validity of the sale. The competency of Farr was sustained by the judge.
*216] *The rule on this subject is clear and simple. It is in its application that difficulty interposes. If the person offered as a witness stands entirely indifferent to the event, so that his interest cannot be in any degree affected by it, he is admissible. When it is said the witness is admissible if equally interested, the same rule is stated, though in somewhat different terms, for he has then in truth no interest inasmuch as being under equal responsibility, the event *271 must be indifferent, or in other words without interest, to him. But where the responsibility will vary with the verdict, that is to say, where if the verdict he for the ono party, the witness is exposed to a certain responsibility, and if for the other party ho is liable to a different and lighter responsibility, then he does not stand indifferent and ought not to be permitted to give evidence for the party whose success will leave him subject only to the lighter charge. If the liability of the witness remain the same, whichever way the verdict may be, he is indifferent. If in one event his liability is diminished he is not a competent witness for that party and to produce that event.
If then it can be demonstrated that the responsibility of Farr would necessarily be less in case of a verdict for Harwood than for Murphy, he had an interest in the result and ought not to have been admitted to testify.
A verdict for Murphy would leave Farr liable to Harwood on the implied warranty of title which attends tho sale of a chattel. He would also he liable to Murphy. For having infringed his contract with Murphy and violated his duty as an agent, he would be held to render satisfaction in damages commensurate with the injury.
But in case of a verdict for Harwood, what then would be his situation ?• Towards Harwood he would be under no responsibility, for as his title to the timber would be sustained, he could have no claim against Fair, the disturbance of his right by Murphy being illegal and tortious. Without stopping to enquire whether in such case Farr would ho liable at all to Murphy, it is manifest that if liable it must be to him alone.
Unless, therefore, the claim of Murphy in the latter event would be equal to the united claims in the former event of both himself and Harwood; which cannot be supposed, especially when it is recollected from the evidence that Murphy hat! advanced no money to Farr for the purchase of the timber, the existence of the interest of Farr in the success of Harwood is clearly shewn.
*272 *217] *To produce that result therefore his evidence was incompetent; and the verdict ought to be set aside.
Another view of the subject brings my mind to the same conclusion. The sale to Harwood raised, as has been already mentioned, an implied warranty of the title on the part of Earr. A verdict in this case in favor of Harwood would afford an effectual protection to Earr from all liability on that warranty. He had therefore a direct certain interest. The verdict might also be given in evidence for or against him according to the event. If for Harwood, Earr might use it in case of an action by Harwood against him on the warranty. If against Harwood, he might give it in evidence in such action. In Martin v. Hendrickson, 2 Ld. Raym. 1007, which was an action by the owner of a barge against the master of' a ship for so negligently managing his ship as to sink the plaintiff’s barge, the pilot of the ship was held an incompetent witness for the defendant, because he was answerable to the master of the ship in an action for the damages the master suffered by his ill management, and consequently for the damages which should be recovered in that action against the defendant. In Powell v. Hord, Ibid. 1411, in an action against a sheriff for a false return on a capias ad satisfaciendum, the sheriff’s bailiff, who was alleged to have neglected the execution of the writ, was held an incompetent witness for the sheriff. In Green v. The New River Company, 4 T. R. 589, an action brought against the company for damage done to the plaintiff’s horse by the bursting of a pipe, owing to the negligence of a person in their employ ; this person was rejected as a witness-The court said the verdict might be given in evidence against him in an action by the defendants as to the quantum of damages, though not as to the fact of the injury, and therefore he was incompetent without a release. In Heermance v. Vernoy, 6 John. 5, in action of trespass for taking away a bark mill, the defendant offered a witness to prove that he had sold to the plaintiff the premises on *273 which the bark mill stood, had verbally excepted the mill, and had afterwards sold it to the defendant. The court held the witness to be inadmissible. “ Every man is considered,” say the court, “ as warranting the title of personal property which he sells, though there be no express warranty for that purpose. The witness was then interested in defending the title set up by the defendant as he stood behind him and was responsible to him if it failed.” Inasmuch then as *Farr had a direct and certain interest [*218 in a verdict in favor of Harwood, it is clear that he was inadmissible unless an interest at least equal in a verdict in favor of Murphy can be shewn. What interest had Farr in a verdict in favor of Murphy? Such a verdict would afford him no protection against a suit by Murphy. Nor would it materially change his liability to Murphy, if liable at all. A verdict either way would leave Farr responsible to Murpliy. In either case, his liability would be for the damages sustained by Murpliy from the failure of the delivery of the timber to him, and in neither for the value of the timber, because he took the timber from Harwood and had advanced no money to Farr for the purchase of it. Farr then had really no interest to be promoted by a verdict in favor of Murphy. Of consequence there was nothing to counterbalance the weight of his interest in favor of Harwood. This view of the case is taken on the presumption that Murphy might maintain an action against Farr in case of a verdict for Harwood. If he could not, the issue being on the question of property, the interest of Farr in a verdict for Harwood is still moro apparent.
I am of opinion therefore that Farr was an incompetent witness for Harwood without a release.
Let the verdict be set aside, with costs to abide the event of the suit.