Gkeeií, J.
delivered the opinion of the court.
This is an an action of trespass, for breaking and entering the plaintiff’s close. In its nature, it is a local action, the court of the county in which the land is situated, alone having jurisdiction. In such action, it is necessary that the venue be proved. A verdict will not cure a deficiency of proof. If, as argued, we were to presume that there was proof of this fact, because the jury have found a verdict affirming its existence, why might we not in every case, presume there was evidence sufficient to justify the verdict? If that were so, no new trial could be obtained on account of a deficiency of proof.
The record asserts, that it embodies all the evidence that was given in the case. There is in it, no evidence that the trespass was committed in Knox county. On that account, the judgment must be reversed, and a new trial awarded. There was no error in the charge of the court to the jury.
The fact, that one man has personal property within the enclosure of another, does not authorise the owner of such property, to enter the enclosure, for the purpose of taking such property in his possession. He should demand it of the owner of the land, and if he refuse him permission to take it, such refusal would be evidence of a conversion, for which an action would lie.
Let the judgment be reversed.
Note. — A circuit court of the United States cannot take cognizance of an action of trespass quare clausum fregit committed on lands within the United States, but out of the district in which the court is held. Livingston vs. Jefferson, 4 Hall’s Am. L. Jour. 68.
On the second point — See 7 Bac. Ab. Dodd’s Edition, Title, Trespass, p. 676: 2 Leigh’sN. P. 1440: Parker vs. Staniland, 11 East, 336: 1 Leigh’s N. P. 581: Heermance vs. Vernoy, 6 John. Rep. 5.