By the Court, Parker, J.
I think the learned justice erred in holding that the plaintiff had a right to enter upon the lands of the defendant for the purpose of regaining possession of his property.
The right to land is exclusive; and every entry thereon, without the owner’s leave, or the license or authority of law, is a trespass. (3. Bl. Com. 209. 18 John. 385.) There is a variety of cases where an authority to enter is given by law; as to execute legal process ; to distrain for rent; to a landlord or reversioner, to see that his tenant does no waste, and keeps the premises in repair according to his covenant or promise ; to a creditor, to demand money payable there ; or to a person entering an inn for the purpose of getting refreshment there. (3 Black. Com. 212. 1 Cowen's Tr. 411.) In some cases, a license will be implied; as if a man make a lease, reserving the trees, he has a right to enter and show them to the purchaser. (10 Co. 46.) Where the owner of the soil sells the chattel being on his land. As if he sell a tree, a crop, a horse, or a fanning mill, which remain within his close; he at the same time passes to the vendee, as incident to such sale, a right to go upon the *655 premises and take away. the subject of his purchase, without being adjudged a trespasser. (1 Cowen’s Tr. 367. Bac. Abr. Trespass F. 11 East, 366. 2 Roll. Abr. 567 m. n. 1.) And if a man, in virtue of his license, erects a building on another’s land, this license can not be revoked so entirely as to make the person who erected it a trespasser, for entering and removing it after the revocation. In some cases, the motive will excuse the entry. If J. S. go into the close of J. If. to succor the beast of J. If., the life of which is in danger, an action of trespass will not lie ; because, as the loss of J. If., if the beast had died, would have been irremediable, the doing of this is lawful. But if J. S. go into thecl^e c|f J. If. to prevent the beast of J. If. from being stoleii^or to prevent <his corn from being consumed by hogs, or spoiled, the action o£ trespass lies; for the loss, if either of those things had happened, would not have been irremediable. (Bac. Abr. Trespass F.) And if a stranger chase the beast of A. which is damage feasant therein, out of the close of B., trespass will lie; for by doing this, although it seem to be for his benefit, B. is deprived of his right to distrain the beast. (Bro. Tresp.pl. 421. Keilw. 46,13.)
In some cases the entry will be excused by necessity. As iyC a public highway is impassable, a traveler may go over the ad-' joining land. (2 Show. 28. Lev. 234. 1 Ld. Raym. 725.) But this would not extend to a private way; for it is the owner’s fault if he do not keep it in repair. (Doug. 747. 1 Saund. 321.) So if a man who is assaulted, and in danger of his life, run through the close of another, trespass will not lie, because it is necessary for the preservation of his life, (Year-Book, 37 H. 6, 37, pi. 26.) If my tree be blown down and fall on the land of my neighbor, I may go bn'and take it away. (Bro. Tres, pl. 213.) And the same rule prevails where fruit falls oñfEe land of another. (Miller v. Fawdry, Latch, 120.) But if the owner of a tree cut the loppings so that they fall on another’s land, he can not be excused for entering to take them away, on the ground of necessity, because he might have prevented it. (Bac. Abr. Trespass F.) .....
Sometimes the right of action depends on the question .which *656 is the first wrongdoer. If J. S.. have driven the heast of J. H. into the close of J. S., or if it have been driven therein by a stranger, with the consent of J. S., and J. N. go thereinto and take it away, trespass will not lie, because J. S. was himself the first wrongdoer. (3 Roll. Abr. 566, pl. 9. Cro. Eliz. 329.) Tested by that rule, the plaintiff in this suit certainly has no right of actionfor he was the first wrongdoer. But it is well < settled that where there is neither an express nor an_ implied license, nor any such legal excuse as is above stated, a man has no right to enter upon the land of another for the purpose of taking away a chattel being there, which belongs to the former, The mere fact that the plaintiff owns the chattel, gives him no authority to go upon the land of another to get it. In Heermance v. Vernoy, (6 John. Rep. 5,) where A. had entered upon the land of B. without his permission, to take a chattel belonging to A.: it was held to be a trespass. So in Blake v. Jerome, (14 John. 406,) a mare and colt were taken out of the plaintiff’s field, by a person who acted under the orders and direction of the defendant, after they had been demanded by the defendant and refused to be delivered to him; and after he had jijeen expressly forbidden to take them; and the defendant was . held to be guilty of a trespass.
In this case, the plaintiff’s horses and wagon were on the lands of the defendant, where they had been left by the servant of the plaintiff. They were not there by the defendant’s permission. On the contrary, the plaintiff had been guilty of a trespass in sending his team across the lands of the defendant, after he had been forbidden to do so. And I think the defendant had the right to detain them, before they left the premises, and to distrain them damage feasant. (2 Rev. Stat. 427.) "But is not necessary to decide, whether the defjbdant de- tained tl^? property rightfully or wrongfully.
The plaintiff attempted to enter upon the lands of the defendant and against his will, for the purpose of taking away his property. This he had no right to do, even though his property were unlawfully detained there. If the plaintiff could not regain the possession of his property peaceably, he should have *657 resorted to his legal remedy, by which he could, after demand and refusal, have recovered either the property itself or its' value. He had no right to redress himself by force. (1 Black. Com. 4.) In pursuing his object, the plaintiff tore down the defendant’s fence after he had been_forbidden to enter, and after he had been ordered by the dxffbndant to desist. The defendant had a right to ¡motecHíímself in the enjoyment of his possession and his property, by defending them against such aggression. (8 T. R. 88, 299. 1 Saund. 296, note 1. 1 Salk. 641. 1 Bing. 158. 3 Black. Com. 5.)
The defendant can not be held liable for the injuries inflicted upon the plaintiff, on the occasion in question, unless he used more force than was necessary for the defense of his possession; and it seems he did not use enough to prevent the plaintiff’s effecting his forcible entry and taking away the property. But that was a question proper to be submitted to the jury.
The judgment of the circuit court must be reversed, and a new trial awarded; costs to abide the event.