# SULLIVAN,

## DECEMBER TERM, A. D. 1850.

### RUMSEY v. SARGENT.

In an action of assumpsit upon a promissory note, the defendant offered evidence that the note was given for the price of a pump, and that at the time of the sale the plaintiff's agent gave him a written warranty that the pump should work well and give satisfaction or he would refund the pay ; he then proved that the pump neither worked well nor gave satisfaction: *Held*, that as the purchaser did not seek redress by rescinding the contract, and as the stipulations in the contract formed the consideration for the note, the defendant might, upon their violation, recover whatever he might be compelled to pay for the pump, and that the evidence was competent, because it avoided circuity of action.

ASSUMPSIT, on a promissory note, dated August 19, 1849, for fifteen dollars, payable to Charles A. Keen, Jr., or bearer, on or before the first of November, 1849, with interest, and by the payee transferred and delivered to the plaintiff.

Upon the general issue, the defendant introduced evidence tending to prove that the note was given for the price of a pump, put up for him by Keen, and that pursuant to their agreement, at the time the note was made, Keen gave the defendant a written contract as follows :

" This may certify that I have this day set up a pump for Joseph Sargent, and do warrant said pump to work well, and to give satisfaction, or I will refund the pay.  Charles A. Keen, Jr."

That the pump did not work well nor give satisfaction, that Keen was merely an agent or servant of Rumsey, the plaintiff, in making sales and contracts respecting pumps, and the note was taken for the benefit of Rumsey.

The court among other things instructed the jury, that it was

33 *

not necessary for the defendant to give notice that the pump did not work well and was not satisfactory ; that they must either return a verdict for the plaintiff for the full amount of the note and interest, or for the defendant ; that if the evidence satisfied them that Keen was the agent of the plaintiff in the sale of the pump, that the note was given for the pump, that the pump was warranted as the defendant alleged, and that the warranty was broken, they should find their verdict for the defendant.

To these instructions the plaintiff excepted. The jury found a verdict for the defendant. The plaintiff moved that the verdict be set aside and a new trial granted by reason of said exceptions.

*Williamson,* (with whom was *Cushing,*) for the defendant.

*Snow,* for the plaintiff. · This case finds that there was a *sale* of the pump, for which the note is alleged to have been given upon which the suit is brought.

The defendant probably will not contend that the agreement " to refund the pay," was an agreement to deliver up the note. This is not only negatived by the terms of the agreement, but by the nature of the case. For the note might have been payable long before it could have been ascertained whether the pump worked well and was satisfactory. The plaintiff contends, therefore, that the instructions of the court were erroneous, because,

1. The court did not instruct the jury that the warranty which the defendant attempted to prove was the warranty of Keen and not the warranty of the plaintiff; that the plaintiff was not bound by it, nor liable for a violation of it, and that it was not evidence in the defence of this suit. In order to bind the principal by a written contract executed by an agent, it must in some way appear from the written instrument, that it is the contract of the principal. *Savage* v. *Rix,* 9 N. H. Rep. 263.

2. Though the warranty attempted to be proved by the defendant were the warranty of the plaintiff, the court did not instruct the jury, that the defendant must not only show a violation of

Rumsey *v.* Sargent.

the warranty and notice thereof, but must show also a return of the pump, in order to constitute a defence.

A return of the chattel must be shown, whether the contract be rescinded in pursuance of some stipulation it contains for that purpose or on the ground of fraud and misrepresentation, and whether the purchaser seeks to recover back the price paid, in an action for money had and received, or to avoid the payment of a note or bill which may have been given for the price. *Shepherd* v. *Temple*, 3 N. H. Rep. 437 ; *Reed* v. *Prentiss*, 1 N. H. Rep. 174.

GILCHRIST, C. J. In the case of *Reed* v. *Prentiss*, 1 N. H. Rep. 176, where an article is sold with a warranty as to its quality, it is said by *Woodbury*, J., that a breach of warranty subjects the vendor to pay all that is lost by the breach, and suffering the vendee to avail himself of this breach in answer to a suit for the consideration, prevents circuity of action, and produces no difference in the estimation of the damages. The principle seems to be, that as the article received is not the kind of article agreed for, the expected consideration for the note never passed.

In this case the purchaser has not attempted to seek redress by rescinding the contract, for then a return of the chattel would have been necessary, but the defence is rested, as in *Shepherd* v. *Temple*, 3 N. H. Rep. 435, upon the ground that the note was in truth given without any consideration. The question here is not whether there has been a partial failure of consideration, and whether the pump was of any value. If there were nothing in the case but a mere breach of the warranty that the pump should work well, perhaps the breach could be given in evidence to reduce the damages ; but the cases on this point are conflicting. But the contract is in substance, that, if the pump should not work well and give satisfaction, the party would " refund the pay." These stipulations formed the consideration of the note. Upon the violation of them a right would accrue to the defendant to recover whatever he might have paid. And it would, to use the language of the court in *Shepherd* v. *Temple*, be very

idle to reject this defence and compel the defendant to seek redress by an action upon the warranty, when complete justice may be done between the parties in this case. In the case of *Taft* v. *Montague*, 14 Mass. 285, it is said by *Parker*, C. J., that it would be a reproach to the law, if the plaintiff could recover the stipulated price of the work which he undertook to perform, when by the evidence in the case it manifestly appeared that the defendants would be entitled to a larger sum from him as damages for the non-performance of his contract with them.

The plaintiff in this case agreed by his agent, that he would in a certain contingency, "refund the pay" he had received. He received the "pay" by the promissory note now in suit, and the evidence proved that the contingency had happened. If the defendant had paid the money, instead of giving a promissory note for it, he would upon proof of the facts be entitled to recover it. If there were ever a case where a defence like this should be admitted to avoid circuity of action, it is the present. "A second litigation on the same matter," says Mr. Justice *Marcy*, "should not be tolerated where a fair opportunity can be afforded by the first to do final and complete justice to the parties." *McAlister* v. *Reab*, 4 Wend. 492. And as the sum which the defendant would be entitled to recover in a suit, is the precise sum mentioned in the note, we see no reason why the defence should not be admitted.

*Judgment on the verdict.*