Strafford,
No. 5710.

KERRY VICKERS ( *by his father & next friend* )

*v.*

DELIA VICKERS.

Argued March 5, 1968.
Decided May 29, 1968.

*Burns, Bryant, Hinchey & Nadeau* and *Ross V. Deachman* ( *Mr. Deachman* orally ), for the plaintiff.

*Fisher, Parsons, Moran & Temple* ( *Mr. Robert H. Temple* orally ), for the defendant.

DUNCAN, J. Case for negligence, brought on behalf of an unemancipated minor child against his mother to recover damages for personal injuries suffered on December 27, 1964 at Farmington, when a motor vehicle operated by the mother in which the minor was a passenger collided with a tree. Subject to her exception, the defendant's motion to dismiss was denied by *Grant,* J. All questions of law presented by the defendant's exception were reserved and transferred by the Presiding Justice.

Prior to November 30, 1966, when *Briere* v. *Briere,* 107 N. H. 432 was decided ( but see *Dunlap* v. *Dunlap,* 84 N. H. 352 ), it was the rule of this jurisdiction that no action could be maintained on behalf of an unemancipated minor to recover for personal injuries inflicted by reason of the parent's negligence. *Levesque* v. *Levesque,* 99 N. H. 147, decided July 1, 1954. *Briere* expressly overruled *Levesque,* and was perhaps foreshadowed by *Dean* v. *Smith,* 106 N. H. 314, where such a child was permitted to recover against the estate of a deceased parent, overruling *Worrall* v. *Moran,* 101 N. H. 13. See also *Gaudreau*

v. *Gaudreau,* 106 N. H. 551, permitting the parent to sue the child.

The case at bar brings forward a question not broached in *Briere* v. *Briere, supra,* and raised but not decided with respect to an analogous rule in *Pinette* v. *Pinette,* 106 N. H. 345. The question is whether the holding of *Briere* is to apply generally and retroactively, or whether its effect should be confined to conduct occurring on or after the date of that decision, so that its operation will be prospective only.

At common law judicial decisions overruling prior precedents were largely considered to be retrospective. *Linkletter* v. *Walker,* 381 U. S. 618, 622; Annot. 10 A.L.R. 3d 1371, 1382. Since *Great Northern R. Co.* v. *Sunburst Oil & Ref. Co.,* 287 U. S. 358 however, departures from this concept have been more frequent, noticeably in the field of constitutional law in federal criminal cases. *Linkletter* v. *Walker,* 381 U. S. 618, *supra; Johnson* v. *New Jersey* 384 U. S. 719.

In the tort field, a more limited number of departures have occurred. Thus in *Balts* v. *Balts,* 273 Minn. 419, 433, abrogation of the defense of parent-child tort immunity was confined to actions arising out of torts committed after the date of decision. See also, *Goller* v. *White,* 20 Wis. ( 2d ) 402. The cases and the considerations involved are reviewed in the annotation in 10 A.L.R. 3d 1371, *supra.* As Justice *Schaefer* has pointed out, consideration of the factor of reliance upon the precedent being overruled "has weighed most heavily in cases involving minors, where the bar of a statute of limitations may be postponed until after a potential litigant has attained his majority." Schaefer, The Control of "Sunbursts": Techniques of Prospective Overruling, 42 N.Y.U. L. Rev. 631, 643. And see *Phillips Exeter Academy* v. *Gleason,* 102 N. H. 369, 376; *Langdell* v. *Dodge,* 100 N. H. 118. The nature of our statute of limitations is necessarily a consideration to be weighed in this case. RSA 508:8.

It may fairly be assumed that during the twelve-year interregnum between *Levesque* and *Briere,* emancipated minors have suffered injuries through parental negligence for which no actions were brought because of the *Levesque* holding; and likewise that insurers, in reliance upon *Levesque* have refrained from extensive investigation or disposed of their records, where otherwise they would not have done so because of the statute permitting suit

within two years after the minor child attains majority. RSA 508:8, *supra*.

The conclusion reached in *Briere*, in late 1966 was that "changing times have drained most of such vitality as it may once have possessed" from the concept of parental immunity, and that "in the conditions existing today," a minor should be allowed to sue for his parents' negligence. *Briere* v. *Briere*, *supra*, 436. We now conclude that the rule of *Briere* should be prospective only, and that its application should be limited to conduct which has occurred on or after November 30, 1966. It follows that the case before us, based upon events of December 27, 1964, is governed by *Levesque* v. *Levesque*, 99 N. H. 147, *supra*.

*Exception sustained.*

All concurred.