Grafton,
No. 5972.

ROBERT STEPHAN

*v.*

SEARS ROEBUCK & CO.

ROBERT STEPHAN

*v.*

KING-SEELEY THERMOS CO.

April 30, 1970.

*Nighswander, Lord & Martin* and *David J. KillKelley* and *Batchelder & Murphy* and *John B. Eames* ( *Mr. KillKelley* and *Mr. Eames* orally ), for the plaintiff.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *William S. Orcutt* and *Robert H. Hurd* ( *Mr. Orcutt* orally ), for the defendants.

GRIMES, J. These are actions for personal injuries alleged to

have been sustained by the plaintiff on July 19, 1965 while using a radial arm power saw which he purchased from the defendant Sears Roebuck and Co. under its brand name Craftsman and which had been manufactured by the defendant King-Seeley Thermos Co. The writ against King-Seeley contains two counts, one based on strict tort liability and one on implied warranty at common law. The writ against Sears contains three counts: one in strict tort liability, one for breach of implied warranty under RSA 382-A:2-314, and one for breach of implied warranty at common law. All counts allege that the saw was " so defectively designed and manufactured as to be unreasonably dangerous to the user, " in that the saw blade would, when pulled toward the operator, extend over the edge of the table, and also alleged that plaintiff's hand was injured by the saw while he was holding a piece of wood being cut.

The defendant King-Seeley manufactured the saw in Michigan. Plaintiff ordered the saw from Sears' place of business in Georgia and it was delivered to him in his winter home in Florida. He shipped it to his summer home in New Hampshire where the accident occurred.

The Trial Court ( *Keller,* J. ), transferred five questions asking whether any of the counts stated a cause of action, whether contributory negligence was a defense to any of the counts, and what law governs the trial of this case.

The questions whether the counts based on strict liability in tort state causes of action and whether contributory negligence is a defense to such an action are answered in the affirmative by the recent decision in *Buttrick* v. *Lessard & Sons, Inc.,* 110 N.H. 36, 260 A.2d 111, decided after this case was argued.

*Buttrick* v. *Lessard & Sons, Inc., supra,* was a case in which the plaintiff had actual knowledge of the alleged defect and the question of his contributory negligence related to his conduct in view of that knowledge. The record before us does not reveal what knowledge the plaintiff in this case had of the alleged defect or danger. However we reaffirm the doctrine that failure to discover or foresee dangers which the ordinary person would have discovered or foreseen as well as negligent conduct after discovery of the danger and in the use of the product will constitute a defense to an action based on strict liability.

Defendant argued that in the event this court embraced the doctrine of strict liability in tort, the ruling should be prospective

only so as to be applicable only to conduct which occurred after the date of such decision. *See Vickers* v. *Vickers,* 109 N.H. 69, 242 A.2d 57; *Phillips Exeter Academy* v. *Gleason,* 102 N.H. 369, 376, 157 A.2d 769, 775; *Langdell* v. *Dodge,* 100 N.H. 118, 122 A.2d 529. We decline to so limit the ruling in *Buttrick* v. *Lessard, supra.* In *Vickers* v. *Vickers, supra,* a holding which eliminated the long-standing parental immunity from action by unemancipated minors was made prospective only. However, the rule which was there eliminated had provided complete insulation for the parent and made the investigation of the cases and the keeping of records completely unnecessary. Our statute of limitations permitting suit within two years after reaching majority ( RSA 508 : 8 ) was also a factor.

Here the prior rule did not bar the action but simply required different proof. The *Phillips Exeter Academy* and *Langdell* cases, *supra,* involved a rule relating to the probate of estates upon which fiduciaries and parties had relied in the administration of estates which would be upset if the new rule were made retroactive. For a collection of cases and articles relating to the factors influencing retroactive or prospective application, *see* Annots., 10 A.L.R.3d 1371, 19 A.L.R.3d 138. We have considered all factors and are of the opinion that the rule of strict liability adopted in *Buttrick* v. *Lessard* is not one which should cause us to depart from the usual common-law rule that " decisions overruling prior precedents were largely considered to be retrospective. " *Vickers* v. *Vickers, supra* at 70.

Defendant argues that the counts based on common-law implied warranty of fitness and quality should be dismissed because no such warranty has existed at common law in this state. *See Reed* v. *Prentiss,* 1 N.H. 174; *Deming* v. *Foster,* 42 N.H. 165; *Gregg* v. *Company,* 69 N.H. 247, 46 A. 26; *Rollins Engine Co.* v. *Eastern Forge Co.,* 73 N.H. 92, 59 A. 382; *Kenney* v. *Wong Len,* 81 N.H. 427, 439, 128 A. 343, 349. The presently existing causes of action based on strict liability and under RSA 382-A:2-314 furnish a complete remedy and we therefore see no need for a common-law cause of action in contract based on implied warranty. The counts based on such a warranty, therefore, should be dismissed.

Count 2 in the writ against Sears Roebuck and Co. states a cause of action based on breach of implied warranty under RSA 382-A:2-314 which is based on the Uniform Commercial Code. The defendant argues that this count should be dismissed

because of failure to allege that notice was given within a reasonable time to the seller as required by RSA 382-A:2-607. However, it appears that both plaintiff's original and amended count No. 2 do allege such notice. We therefore need not decide whether such an allegation is required or whether the absence of such notice is a matter to be raised in defense.

Contrary to the contention of the plaintiff, we hold that contributory negligence is a defense to an action for breach of warranty under RSA 382-A:2-314 in the same manner as in actions based on strict liability as above described. *See* RSA 382-A:2-314, Comment 13; *s.* 2-316, Comment 8; and *s.* 2-715, Comment 5.

This leaves unanswered the question as to what law governs the trial of the case. We hold that New Hampshire law will govern all aspects of the trial. The injury which furnishes the bases of the counts on strict liability occurred here and we find no reason to apply any other law but ours. *Clark* v. *Clark,* 107 N.H. 351, 222 A.2d 205.

The count based on breach of implied warranty under RSA 382-A:2-314 is governed by the Uniform Commercial Code. No conflicts have been suggested between the law of this State and that of the other states involved with respect to this count. The fact that the injury which gave rise to the cause of actions occurred here gives this State an appropriate and significant relationship to the transaction. Since there was no express choice of law made by the parties the application of our law to the trial of this case is justified. *Consolidated Mutual Insurance Company* v. *Radio Foods Co.,* 108 N.H. 494, 240 A.2d 47; RSA 382-A:1-105.

*Remanded.*

All concurred.