**Arthur RAYMOND and Patricia Raymond Plaintiffs, Appellees,**

**v.**

**ELI LILLY AND COMPANY, Defendant-Appellant.**

**No. 76–1300.**

United States Court of Appeals, First Circuit.

Argued May 2, 1977.

Decided June 15, 1977.

Steven C. Kany, New York City, with whom Dewey, Ballantine, Bushby, Palmer & Wood, Russel H. Beatie, Jr., New York City, John A. Graf, Richard S. Snierson, and McLane, Graf, Greene, Raulerson & Middleton, Professional Association, Manchester, N. H., were on brief, for appellant.

W. Wright Danenbarger, Manchester, N. H., with whom Wiggin & Nourie and Kenneth G. Bouchard, Manchester, N. H., were on brief, for appellees.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and DOOLING *, District Judge.

PER CURIAM.

Other issues having been resolved by certification to the New Hampshire Supreme Court, the only issue remaining in this appeal is whether the district court properly applied a now undisputed standard to undisputed facts. The undisputed standard formulated by the Supreme Court of New Hampshire is: "A cause of action will not accrue under the discovery rule until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Raymond v. Eli Lilly and Co.*, N.H., 371 A.2d 170, 174 (1977). The district court concluded that the action was brought within the applicable statute of limitations because the plaintiff would not, in the exercise of reasonable diligence, have discovered the possible link between her blindness and appellant's product until after February, 1969. *Raymond v. Eli Lilly and Co.*, 412 F.Supp. 1392, 1402 (D.N.H. 1976). We affirm.

The appellant relies in large part on these facts to refute the district court's conclusion: plaintiff's first hemorrhage came six weeks after she began taking C–Quens; her ophthalmologist, without objection from the gynecologist who prescribed them, told plaintiff to stop taking them; one or more doctors at the Lahey clinic may have seen a causal link between C–Quens and plaintiff's first hemorrhage; and some written materials, not generally available to laymen, also mentioned a possible link between appellant's product and plaintiff's symptoms.

Appellant's argument, though not insubstantial, cannot overcome the deference we accord to the district court's finding that the plaintiff exercised reasonable diligence. Although cast as a ruling on a motion for summary judgment, the district court's opinion states that both parties requested the court to make a determination of fact. The court's statement has not been challenged by the parties. In effect, then, the ruling is a disposition of this single issue. *Cf.* Fed.R.Civ.P. 42(b). The court's finding that the plaintiff used reasonable diligence falls in the borderland between fact and law. Nonetheless, we think it should be overturned only if it is clearly erroneous. *See Toal v. United States*, 438 F.2d 222, 225 (2d Cir. 1971) (district court's finding that malpractice patient was reasonably diligent and thus not barred by limitations period reviewed for clear error); *Obolensky v. Saldana Schmier*, 409 F.2d 52, 54 (1st Cir. 1969) (clear error review in negligence case). Appellant argues that because there was no question of credibility before the district court, we should give its finding less weight. This circuit has rejected that view in the past. *See, e. g., Local*

* Of the Eastern District of New York, sitting by designation.

*Union 1219, United Brotherhood of Carpenters and Joiners of America v. United Brotherhood of Carpenters and Joiners of America,* 493 F.2d 93, 96 (1st Cir. 1974). Apart from this argument, appellant cites no case for its theory that a different standard should apply.

■ The following events convince us that the district court was not clearly wrong in its finding. Despite persistent inquiries by the plaintiff, her doctors gave inconclusive answers when she asked whether the pills might have caused her first hemorrhage: they were not sure, but they doubted that there was a connection. She was told to stop taking the pills simply as a precaution. Appellant's reliance on an isolated fragment from one doctor's report is unpersuasive. Although the fragment seems to suggest a causal link, the doctor's notes begin and end with statements that are inconsistent with such a suggestion. In any event, the physician never passed his suspicions on to the plaintiff. After the inconclusive responses of her doctors, it is not reasonable to expect the plaintiff to seek out a technical reference volume in the hope of second-guessing their advice. On these facts, we see no need to reverse the district court's ruling.

Affirmed.