Ronald **WENTWORTH**

v.

**KAWASAKI, INC. and Plaistow Trailer Sales, Inc. and Sno-Jet, Inc.**

No. 81–16–L.

United States District Court, D. New Hampshire.

March 11, 1981.

---

Ashod N. Armirian, Theodore Xenakis, Haverhill, Mass., for plaintiff.

Robert H. Erdmann, Burlington, Vt., Paul C. Semple, Concord, N. H., James C. Wheat, Manchester, N. H., for defendants.

## ORDER ON MOTION TO DISMISS

LOUGHLIN, District Judge.

The court has presently pending before it a motion to dismiss filed by defendant, Plaistow Trailer Sales, Inc. (hereinafter defendant). Defendant alleges that Count II of plaintiff's complaint, the breach of warranty count, fails to state a cause of action upon which relief can be granted under the laws of the State of New Hampshire which defendant alleges are applicable to this case. Defendant alleges that Count II fails to state a cause of action because the plaintiff was not the purchaser of the snowmobile in question and because the time of injury occurred more than four (4) years from the date of sale, which is alleged in the complaint to be prior to January 1, 1972.

Defendant also alleges that Count III of plaintiff's complaint, the strict liability in tort count fails to state a cause of action upon which relief can be granted under the laws of the state of New Hampshire since the plaintiff was not a user or consumer of the product in question under Restatement Torts 2d § 402 A.

It is alleged in the complaint that prior to January 1, 1972 Richard J. Wrigley of Plaistow, New Hampshire purchased a Sno-Jet snowmobile. Plaintiff was a friend of Wrigley's and used Wrigley's Sno-Jet snowmobile. On or about January 10, 1978 while the plaintiff was using the snowmobile at a snowmobile trail in Wolfeboro, New Hampshire, he was crushed against a tree by the snowmobile because of an alleged malfunction of the throttle cable. Plaintiff suffered severe personal injuries.

The court has jurisdiction in this matter under 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $10,000 and there is diversity of citizenship among the parties. Plaintiff is a Massachusetts resident. Defendant Plaistow Trailer Sales, Inc. is incorporated in and has its principal place of business in New Hampshire. Defendant Sno-Jet, Inc. is incorporated in Vermont and has its principal offices in Burlington, Vermont. And defendant Kawasaki Motors Corp. U.S.A. is incorporated in Delaware and has its principal offices in Santa Ana, California.

Under *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed.2d 1477 (1941) a federal court is to apply the host state's choice of law rules in order to determine what substantive law to apply. Examining the relevant choice influencing considerations as outlined in *Clark v. Clark*, 107 N.H. 351, 222 A.2d 205 (1966) the court determines New Hampshire law to be the sounder rule of law. The transaction in this case bears an appropriate relation to the state of New Hampshire. See RSA 382A:1–105(1), *Stephan v. Sears Roebuck & Co.*, 110 N.H. 248, 266 A.2d 855 (1970). For these reasons the court will apply New Hampshire law.

Defendant alleges that Count II of plaintiff's complaint fails to state a cause of action because the time of injury occurred more than four (4) years from the date of sale which is alleged in the complaint to be prior to January 1, 1972. Plaintiff filed his complaint on January 9, 1981. In Count II

of the complaint, plaintiff alleges breach of express and implied warranties. In *Raymond v. Eli Lilly & Co.*, 412 F.Supp. 1392 (D.N.H.1976) aff'd 556 F.2d 628 (1st Cir. 1977) plaintiff had also alleged breach of express and implied warranties. The court stated in *Raymond v. Eli Lilly & Co., supra* at 1403 that:

> It is unclear whether New Hampshire recognizes an action for breach of implied warranty at common law. *Stephan v. Sears Roebuck & Co.*, 110 N.H. 248, 250, 266 A.2d 855 (1970); *Nelson [v. Volkswagen of America], supra*, 315 F.Supp. 1120. The existing causes of action under New Hampshire Commercial Code provisions, NH RSA 382–A:2–313, 314 and 315, together with the doctrine of strict liability, provide a plaintiff with a complete remedy, thus mitigating the need for a common law cause of action in breach of implied warranty. *Stephan, supra*, 110 N.H. at 250, 266 A.2d 855. Therefore, any claim plaintiff has for relief for a breach of warranty must be based on New Hampshire's provisions of the Uniform Commercial Code.

RSA 382–A:2–725 "Statute of Limitations in Contracts for sale" states:

> An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement, the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

As the court in *Raymond v. Eli Lilly & Co., supra* at 1403 clearly outlined:

> NH RSA 382–A:2–725(1) establishes a four year statute of limitations for any

action based upon a contract for sale. The statute begins to run from the time a cause of action accrues, which is when the breach occurs. The breach of warranty occurs when the tender of delivery is made regardless of the aggrieved party's knowledge of the breach. NH RSA 283–A:2–725(2). Plaintiff's last purchase of C–Quens was on or about May 20, 1968, more than four years prior to the commencement of her action. She is, therefore, barred from pursuing her breach of warranty claim against defendant by NH RSA 382–A:2–725(1).

■ In the instant case, the cause of action accrued at the time of the breach of warranty, that is when the tender of delivery was made, prior to January, 1972. The purchase of the snowmobile prior to January 1972 was clearly more than four years prior to the commencement of this action on January 9, 1981. The Statute of Limitations has run on plaintiff's breach of warranty action, thus the court need not address the privity issue. Count II of plaintiff's complaint is dismissed.

■ Defendant alleges that Count II of plaintiff's complaint, the strict liability in tort count, fails to state a cause of action upon which relief can be granted in that plaintiff was not a user or consumer of the product in question under Restatement Torts 2d § 402 A. It is clear that New Hampshire has adopted the doctrine of strict liability. *Buttrick v. Arthur Lessard & Sons, Inc.*, 110 N.H. 36, 38, 260 A.2d 111 (1969). *Elliott v. Lachance*, 109 N.H. 481, 484, 256 A.2d 153 (1969). The New Hampshire Supreme Court quoted section 402A of the Restatement (Second) of Torts in allowing a cause of action under strict liability in *Buttrick v. Arthur Lessard & Sons, Inc., supra*, 110 N.H. at 38, 260 A.2d 111:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property if
>
> (a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

The rule of strict liability has been extended by Courts beyond the immediate purchaser in favor of remote purchasers, *Lee v. Sears Roebuck & Co.*, 262 F.Supp. 232 (E.D.Tenn.1966); employees, *Patch v. Stanley Works*, 448 F.2d 483 (2nd Cir. 1971) (applying N.H. law); users or consumers *Greenman v. Yuba Power Prod., Inc.*, 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897 (1963) and passengers, *McKee v. Brunswick Corp.*, 354 F.2d 577 (7th Cir. 1965). *See* 2 Frumer and Friedman *Products Liability* (1980) p. 3B–70.5–72. In *Murray v. Bullard Co.*, 110 N.H. 220, 265 A.2d 309 (1970) plaintiff, an employee of the purchaser recovered for personal injury on claims of negligence in the design and manufacture of the machine, breach of warranty of fitness for a particular purpose, and sale of a defective machine which was unreasonably dangerous to users and persons to be expected in proximity to it. In *Stevens v. Kanematsu-Gosh Co., Inc.*, 494 F.2d 367 (1st Cir. 1974) and *Cyr v. B. Offen & Co., Inc.*, 501 F.2d 1145 (1st Cir. 1974) plaintiffs, again were employees of the purchaser and recovered under a theory of strict liability.

Recently courts have even applied the rule of strict liability in tort against a manufacturer in favor of an innocent bystander. The basis for the extension being that the bystander is often a perfectly foreseeable risk of the maker's enterprise, and the considerations for imposing such risks on the maker without regard to his fault do not stop with those who undertake to use the chattel. See *Passwaters v. General Motors Corp.*, 454 F.2d 1270 (8th Cir. 1972); *White v. Jeffrey Galion, Inc.*, 326 F.Supp. 751 (E.D.Ill.1971). The Model Uniform Product Liability Act (UPLA) § 102 [E] extends protection to "any person or entity that suffers harm". 2A Frumer and Friedman *Products Liability* (1980) p. 3E–31.

In the instant action the snowmobile was being driven by plaintiff Wentworth who was not the purchaser of the machine. Plaintiff was, however, a friend of the purchaser. It is foreseeable that a friend or family member would use a recreational vehicle purchased by the owner. Plaintiff was a user of the product. Comment 1 to § 402A of the Restatement (Second), Torts defines "user" so as to include those who are passively enjoying the benefit of the product, such as passengers in automobiles or airplanes, as well as those who are utilizing it for the purpose of doing work upon it. It is apparent from the comments that the terms "consumer" and "user" are to be construed broadly.

The court finds that the plaintiff is a user or consumer of the product in question under Restatement Torts 2d § 402A.

Defendant's motion to dismiss Count III is denied.

Defendant's motion to dismiss Count II is granted.