Sullivan
No. 84-042

DONNA C. WAID

v.

FORD MOTOR COMPANY

DONNA C. WAID

v.

RONALD THIBEAULT

October 26, 1984

*Burns, Bryant, Hinchey, Cox & Shea P.A.*, of Dover (*Anthony A. McManus* on the brief and orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Theodore Wadleigh* on the brief and orally), for the defendant.

BATCHELDER, J.   The issue before us is whether the rule we enunciated in *Corso v. Merrill*, 119 N.H. 647, 406 A.2d 300 (1979), has retroactive effect. *Corso* expanded the class of persons who may maintain an action for the negligent infliction of emotional distress. The plaintiff in the present case alleges that she suffered emotional distress as the result of an auto accident caused by the defendant's negligence. The accident occurred four months before our decision in *Corso*. Plaintiff concedes that she may prosecute her suit only if *Corso* has retroactive effect. Ruling that *Corso* has only prospective application, the Superior Court (*DiClerico*, J.) dismissed the suit. We reverse and remand.

*Corso* rejected the long-standing "zone of danger" rule. *Id.* at 649, 406 A.2d at 302. Under that rule, a plaintiff, who witnessed a loved one injured by a defendant's negligence, could recover for emotional distress only if the plaintiff had been exposed to a risk of physical harm by the defendant's carelessness. *Phipps v. McCabe*, 116 N.H. 475, 476, 362 A.2d 186, 187 (1976). The rule was premised on a number of policy considerations, chief among which was a desire to limit the potential liability of defendants. *Corso v. Merrill*, 119 N.H. at 653, 406 A.2d at 304. It was felt that if recovery was available to

persons not physically threatened by a defendant's carelessness, then the defendant's liability exposure would be unreasonably large. *Id.*

Recognizing the need for liability constraints, *Corso* reasoned that a defendant's interest in having his potential liability defined by his true culpability must, nonetheless, be balanced against a plaintiff's interest in freedom from emotional distress. *Id.* at 652–53, 406 A.2d at 304. We held in that case that the zone of danger rule did not adequately protect this latter interest. *Id.* at 653, 406 A.2d at 304. We rejected the danger zone rule and adopted the increasingly accepted foreseeability test. *Id.* at 653–54, 406 A.2d at 304–05. This test allows bystander recovery in certain narrowly defined instances where the defendant could have reasonably foreseen that his carelessness would cause others acute emotional distress. *Id.*

On April 20, 1979, the plaintiff and her husband were driving separate cars in the same direction on Route 12A in Claremont. The plaintiff's husband was returning his company car to his employer. The plaintiff was following to pick him up after he dropped off his car. Due to the distance between the cars, the plaintiff lost sight of her husband's car.

The husband entered the left lane to pass a pickup truck. The truck also moved to its left to pass a vehicle ahead. As a result, the husband's car veered off the left side of the road into a tree, killing the husband. Shortly thereafter, the plaintiff arrived at the scene of the accident.

The plaintiff has brought suit against the pickup truck owner, alleging negligent supervision of its driver, and against the pickup truck manufacturer, alleging that a defective rearview mirror on the pickup truck prevented the driver from seeing the plaintiff's husband as he attempted to pass. In both suits, the plaintiff claims that she has suffered emotional distress due to the defendants' negligence. The plaintiff concedes that the acts of the defendants posed her no risk of physical harm. Since she was admittedly outside the zone of danger, *Corso* must apply in order for her to maintain her claims.

At common law, decisions overruling prior precedents were presumed to apply retroactively. *See Hampton Nat'l Bank v. Desjardins*, 114 N.H. 68, 73, 314 A.2d 654, 657 (1974) (citing *Linkletter v. Walker*, 381 U.S. 618, 622–23 (1965)). Although we reject pat application of this rule, we note its soundness when applied in certain instances. A newly announced rule of law is ideally premised on the court's determination that this rule's application will reach results more just than those reached under prior law. According to the common law view, by saying what the law is, the court says, in effect, what it should always have been. *See id.* We are mindful of

the persuasiveness of this proposition in instances such as the present case, where the law has been changed solely to achieve justice and not to accommodate new social realities.

In another context we recently observed, "The determination [of] whether . . . to extend liability arising from a single tortious act must be based on public policy considerations . . . ." *Siciliano v. Capitol City Shows, Inc.*, 124 N.H. 719, 725, 475 A.2d 19, 21 (1984). In determining whether to extend *Corso* temporally, we consider, first, the extent to which retroactive application would prejudice parties who have relied on prior law and, second, the extent to which *Corso* has exposed potential defendants to a new type of liability.

"Although constitutional, retroactive application of a court decision is harsh on persons who have relied on the law now declared unlawful . . . ." *Hampton Nat'l Bank v. Desjardins*, 114 N.H. at 73, 314 A.2d at 657. Past reliance on a newly superseded law has always militated against retroactive application of its replacement. *See, e.g., Vickers v. Vickers*, 109 N.H. 69, 70, 242 A.2d 57, 57–58 (1968) (parental negligence immunity not abolished retroactively, in part because potential claims had not been brought or investigated by parties in reliance on prior law); *Phillips Exeter Academy v. Gleason*, 102 N.H. 369, 376, 157 A.2d 769, 775 (1960) (decision establishing exclusive jurisdiction of probate court over the appointment of testamentary trustees held to have only prospective effect due to "strong public policy . . . [to avoid] 'disruption of the settlement of estates'") (quoting *Langdell v. Dodge*, 100 N.H. 118, 123, 122 A.2d 529, 532 (1956)).

The defendants argue that *Corso* should be applied only prospectively because potential defendants and their insurers, in reliance on the zone of danger rule, failed adequately to investigate and keep records of emotional distress claims arising outside the danger zone. The defendants argue that a retroactive ruling would thus prejudice the class of defendants subject to our ruling in *Corso*. This argument is unpersuasive. The discovery process should serve to inform defendants sufficiently of the factual nature of emotional distress claims against them. The six-year limitations period on personal actions, RSA 508:4, should insulate them from claims so antique that the underlying facts are no longer discoverable. *Cf. Vickers v. Vickers*, 109 N.H. at 70, 242 A.2d at 58 (limitations period which did not begin to run until child plaintiff reached majority militated against retroactive application of decision abolishing parental negligence suit immunity).

Where a new rule in the law of negligence alters the requisite standard of care, the extent of reliance on prior law is crucial to the

new rule's temporal effect. In *Ouellette v. Blanchard*, 116 N.H. 552, 364 A.2d 631 (1976), we abolished the distinctions between an invitee, a licensee, and a trespasser for the purpose of determining the standard of care owed by a landowner to a person on his property. *Id.* at 557, 364 A.2d at 634. Recognizing that landowners had conducted their affairs in reliance on these distinctions, we refused to give the decision retroactive effect. *Burns v. Bradley*, 120 N.H. 542, 545, 419 A.2d 1069, 1071 (1980). The situation before us is not analogous. A defendant's duty not to inflict emotional distress on a bystander is breached only when the defendant, through his negligence, physically injures a loved one of the bystander. *Corso v. Merrill*, 119 N.H. at 653–54, 406 A.2d at 304–05. The duty to the bystander derives entirely from the duty of due care owed the injured loved one. The dispositive standard of care is the measure of care owed the loved one, not the bystander. Extending the derivative duty beyond the danger zone thus does not affect the relevant standard of care and does not, thereby, militate against giving *Corso* retroactive effect.

Where we have abolished a rule of law completely insulating a class of defendants from a broad category of actions, we have been reluctant to do so retroactively. In *Vickers v. Vickers*, 109 N.H. 69, 71, 242 A.2d 57, 58 (1968), we gave only prospective effect to our earlier decision of *Briere v. Briere*, 107 N.H. 432, 224 A.2d 588 (1966), which abolished parental immunity from negligence claims by unemancipated children. Similarly, in *Merrill v. Manchester*, 114 N.H. 722, 730, 332 A.2d 378, 384 (1974), we only prospectively abolished the doctrine of municipal tort immunity. In both cases, a class of defendants had previously been completely insulated from a broad category of actions.

This is not true of the class of defendants subject to our ruling in *Corso*. Before *Corso*, this class of defendants was not insulated from bystander suits for the negligent infliction of emotional distress *per se*, but only from such of these claims as arose outside the danger zone. *Corso* did not remove a bar to a basic type of suit; it merely increased the class of plaintiffs that could maintain the suit.

*Stephan v. Sears Roebuck & Co.*, 110 N.H. 248, 266 A.2d 855 (1970), is instructive in this regard. In *Stephan*, we gave retroactive effect to our decision in *Buttrick v. Lessard & Sons, Inc.*, 110 N.H. 36, 260 A.2d 111 (1969), in which we held that an action in strict liability in tort may be maintained against the manufacturer of a defective product. *Stephan v. Sears Roebuck & Co.*, 110 N.H. at 250, 266 A.2d at 857. Under prior law, a products liability claim was actionable under warranty and negligence theories. By adopting the strict liability concept, *Buttrick* merely increased the class of

plaintiffs that could maintain products liability suits. *Buttrick* offered relief to those plaintiffs injured by an unreasonably dangerous, defective product who could not show that a warranty or a duty of care had been breached.

Similarly, *Corso* has only increased the relevant class of plaintiffs. By permitting bystanders outside, as well as those within, the danger zone to assert their emotional distress claims, *Corso* has not exposed defendants to a fundamentally new type of liability. This circumstance further supports our ruling that *Corso* governs retroactively.

*Reversed and remanded.*

All concurred.