Strafford
No. 89-134

LINDA HALL

v.

JACK TIBERT

December 29, 1989

*Fisher, Willoughby, Clancy, Woodman & Durand,* of Dover (*Edward T. Clancy* on the brief and orally), for the plaintiff.

*Eaton, Solms, Mills & McIninch,* of Manchester (*Richard E. Mills* on the brief and orally), for the defendant.

JOHNSON, J.   The plaintiff, Linda Hall, appeals from an order of the Superior Court (*McHugh*, J.) dismissing her negligence claim against the defendant, Jack Tibert, for injuries sustained by Hall at her place of employment. The trial court dismissed the case based upon the authority of *Rounds v. Standex International*, 131 N.H. 71, 550 A.2d 98 (1988), which was decided after the plaintiff commenced this litigation. The sole issue on appeal is whether it was proper for the trial court to apply *Rounds* retroactively. We affirm.

On February 5, 1987, the plaintiff, an employee of Quick-Mart in Somersworth, was injured when she was struck by the sliding door of a cooler when it fell off its track. As a consequence she received workers' compensation benefits. On October 8, 1987, the plaintiff commenced this law suit against the defendant, a fellow employee of the plaintiff who was responsible for the maintenance and repair of the cooler. In filing this action, the plaintiff relied on the plurality opinion in *Estabrook v. American Hoist and Derrick, Inc.*, 127 N.H. 162, 498 A.2d 741 (1985), in which we removed the statutory bar of RSA 281:12, II (Supp. 1983) (current version at RSA 281-A:8, I(b) (Supp. 1988)) to suits against fellow employees. Approximately a year later, on November 4, 1988, we issued our decision in *Rounds*, where we held that an employee may not sue a co-employee for injuries resulting from negligence where the co-employee is carrying out the employer's nondelegable duty to maintain a safe workplace. *Rounds*, 131 N.H. at 77, 550 A.2d at 102. Eleven days after the *Rounds* decision was issued, the defendant in the present case filed a motion to dismiss, arguing that *Rounds* was dispositive of the matter. The trial court agreed, and, applying *Rounds* retroactively, granted the defendant's motion to dismiss, and denied the plaintiff's subsequent motion for reconsideration.

On appeal the plaintiff contends that *Rounds* should not apply retroactively to her case. She argues that the language in *Rounds* contemplates prospective application, and that pre-*Rounds* litigants should not be penalized for their failure to foresee changes in the law. She also argues that *Rounds* should only be applied prospectively because it represents a significant change in the law pertaining to co-employee negligence actions. We disagree, and find that the trial judge's retroactive application of *Rounds* was proper.

At common law, appellate decisions in civil cases are presumed to apply retroactively. *Stanley v. Walsh*, 128 N.H. 692, 693, 517 A.2d 1189, 1190 (1986); *Waid v. Ford Motor Co.*, 125 N.H.

640, 641, 484 A.2d 1152, 1153 (1984). "Although we reject pat application of this rule, we note its soundness when applied in certain instances." *Waid*, 125 N.H. at 641, 484 A.2d at 1153. The decision in *Rounds* is one such instance since it does not overrule an established precedent upon which litigants relied, *see Burns v. Bradley*, 120 N.H. 542, 545, 419 A.2d 1069, 1071 (1980); *Hampton Nat'l Bank v. Desjardins*, 114 N.H. 68, 74–75, 314 A.2d 654, 658 (1974); *Merrill v. Manchester*, 114 N.H. 722, 729–30, 332 A.2d 378, 383–84 (1974); *Vickers v. Vickers*, 109 N.H. 69, 70–71, 242 A.2d 57, 58 (1968), and since retroactive application of *Rounds* would not result in inequitable consequences, *see Opinion of the Justices*, 131 N.H. 644, 651, 557 A.2d 1364, 1369 (1989); *Madbury v. Durham*, 108 N.H. 474, 479–80, 240 A.2d 760, 764 (1968).

In *Rounds*, the plaintiff alleged that several co-employees breached their duty to provide a safe workplace, and that their breach caused the plaintiff's injuries. The plaintiff relied on this court's decision in *Estabrook* in which we invalidated the statutory bar to actions against co-employees for non-intentional torts. *Rounds*, 131 N.H. at 73, 550 A.2d at 99; *Estabrook*, 127 N.H. at 178, 498 A.2d at 751. After *Estabrook*, an injured employee who received workers' compensation benefits could also bring an action against co-employees for the same injuries. *Rounds*, 131 N.H. at 76, 550 A.2d at 101. In *Rounds*, however, we refused to apply the co-employee liability rule to employees that were carrying out the employer's nondelegable duty to provide a safe workplace. *Id.* at 77, 550 A.2d at 101–02. We stated that to find "otherwise would vitiate the purpose of the workers' compensation law." *Id.*, 550 A.2d at 102.

■ In reaching our conclusion, we observed that it is well established in New Hampshire that an employer has the duty to provide a safe workplace, and that this duty is nondelegable. *Rounds*, 131 N.H. at 76, 550 A.2d at 101. We then observed that a person who is the *alter ego* of a corporation is not liable for failure to provide a safe workplace. *Id.* In other words, under the workers' compensation law, "an employee who in reality is the employer should not be held liable where he is performing a corporate duty." *Id.* at 77, 550 A.2d at 101 (citing *Stevens v. Lewis*, 118 N.H. 367, 370, 387 A.2d 637, 639 (1978)). Applying the same logic to the case of an employee who in reality is *not* the employer, we concluded that "the purpose of the workers' compensation law similarly demands that an employee, who is charged with carrying out the employer's responsibility to provide a safe workplace, should not be subject to liability." *Rounds*, 131 N.H. at 77, 550 A.2d at 101–02.

As the analysis above illustrates, the *Rounds* decision did not create new, unforeshadowed law. *See Stanley*, 128 N.H. at 694, 517 A.2d at 1190. Instead, we applied the existing law, both concerning an employer's nondelegable duty to provide a safe workplace and concerning an employer's immunity from suit under the workers' compensation law, to the facts in *Rounds*, and decided a question that was before this court for the first time. *See Rounds*, 131 N.H. at 76, 550 A.2d at 101 ("we find no New Hampshire case directly addressing the issue of whether an employee may also assume the duty to ensure a safe workplace"). Therefore, we disagree with the plaintiff's argument that the decision in *Rounds* represents a change in the law of such significance that it should be applied only prospectively. *See Burns v. Bradley*, 120 N.H. at 545, 419 A.2d at 1071 (abolition of distinctions between invitees, licensees and trespassers in *Ouellette v. Blanchard*, 116 N.H. 552, 364 A.2d 631 (1976) applied prospectively, in part because it overruled long-settled precedent); *Hampton Nat'l Bank*, 114 N.H. at 75, 314 A.2d at 658 (invalidation of long-standing practice of attaching a person's checking account without notice or an opportunity to be heard applied prospectively, because plaintiff was justified in relying on old rule).

We also disagree with the plaintiff's argument that the language in *Rounds*, 131 N.H. at 77, 550 A.2d at 102, contemplates prospective application. The plaintiff directs our attention to the word "now" in the sentence "we now hold that the duty to maintain a safe workplace rests exclusively with the employer, not the employee." The word "now" in this sentence is not indicative of a decision by this court to apply the holding prospectively, but rather indicates that the decision applies "under the present circumstances." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 809 (1986) (definition of "now"). This can be compared with other cases which concern the prospective application of a new rule. *See Burns v. Bradley*, 120 N.H. at 545, 419 A.2d at 1071 (court gave prospective application to rule announced in *Ouellette v. Blanchard*, 116 N.H. at 557, 364 A.2d at 634, which stated that "henceforth ... owners and occupiers of land shall be governed by the test of reasonable care under all the circumstances in the maintenance and operation of their property"); *Merrill*, 114 N.H. at 730, 332 A.2d at 384 ("the new rule will not apply to torts occurring before July 1, 1975"); *Langdell v. Dodge*, 100 N.H. 118, 123, 122 A.2d 529, 532 (1956) ("this opinion will not be retroactive").

The plaintiff also contends that the word "will" in the sentence: "An employee will be liable in negligence for the injuries of a fellow employee only upon breach of a duty distinct from the employer's duty to maintain a safe workplace," indicates that the holding in *Rounds* should be applied prospectively. This interpretation is incorrect since "will", as used in this sentence, expresses a command of this court relating to a co-employee's potential liability. *See* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1350 (1986) (defining meaning of "will" as "used to express a command, exhortation, or injunction"). It does not concern a time frame in which to apply the holding in *Rounds*.

*Affirmed.*

All concurred.