Strafford
No. 90-277

ALBERT LEEMAN, SR. & a.

v.

DEAN M. BOYLAN, SR. & a.

May 3, 1991

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*Marc W. McDonald* on the brief and orally), for the plaintiffs.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Marc R. Scheer* on the brief and orally), for the defendants.

BROCK, C.J. The issue presented on this appeal is whether an injured employee, having received workers' compensation benefits, can maintain an action to recover for his injuries against his employer's parent corporation based on an allegation that the parent had the "primary overall responsibility for the safety of [its subsidiary's employees]." The plaintiffs, Albert Leeman, Sr., and his wife, Yvonne Leeman, challenge the Superior Court's (*Temple,* J.) granting of defendants' motion to dismiss their negligence suit against Boston Sand and Gravel Co., Inc. (BS&G), which is the parent corporation of Mr. Leeman's employer, Ossipee Aggregates Corp. (OA). The superior court ruled that the plaintiffs' pleadings failed to allege adequately a breach of duty owed by BS&G that was sufficiently distinct from OA's duty, as Mr. Leeman's employer, to provide a safe workplace, and that *Rounds v. Standex International,* 131 N.H. 71, 550 A.2d 98 (1988), therefore barred recovery. For the reasons that follow, we reverse.

■ Because this appeal is taken from a dismissal on the pleadings, we take our facts from the plaintiffs' writ, accepting them as true and construing all reasonable inferences therefrom in the light most favorable to the plaintiffs. *Collectramatic, Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985); *Jarvis v. Prudential Ins. Co.*, 122 N.H. 648, 651, 448 A.2d 407, 409 (1982). According to the plaintiffs, OA is a New Hampshire corporation which operates a gravel and sand pit in Ossipee. While working as a truck driver for OA, Albert Leeman injured his knee when he struck it against the sharp corner of the fender of a truck that he was driving for OA. The plaintiffs claim that the truck had a missing step up to the driver's seat, and, as a result, when Mr. Leeman attempted to enter the truck, he hit his knee on the truck's fender.

After collecting workers' compensation benefits from OA, the plaintiffs filed a multi-count writ in negligence against OA, against OA's parent corporation, BS&G, and against Dean Boylan, Sr., and Dean Boylan, Jr., as corporate officers of BS&G and OA, respectively. The defendants moved to dismiss the entire writ, arguing that either the employer immunity provision of New Hampshire's workers' compensation statute, *see* RSA 281-A:8 (Supp. 1990), protected them from suit or, alternatively, that the defendants owed the plaintiffs no duty under our decision in *Rounds supra*, thus precluding the plaintiffs' action. Focusing on our decision in *Rounds*, the trial court agreed with the defendants, and dismissed all of the plaintiffs' claims.

On appeal, the Leemans contest only the dismissal of the count brought against BS&G as the parent corporation of OA and raise two issues for our consideration. First, may an employer's parent corporation claim the protection of the employer immunity provision under New Hampshire's workers' compensation statute? *See* RSA 281-A:8, I(a) (Supp. 1990). Second, does our holding in *Rounds*, that employers have the nondelegable duty to keep their workplaces safe for their employees, *Rounds*, 131 N.H. at 76–77, 550 A.2d at 101–02, foreclose an injured employee from seeking recovery from the employer's parent corporation based on an allegation that the parent had "the primary overall responsibility for the safety of [its subsidiary's employees]"?

■ In New Hampshire an employee who is eligible to receive workers' compensation benefits is "conclusively presumed . . . to have waived all rights of action whether at common law or by statute or otherwise: Against [his or her] employer. . . ." RSA 281-A:8,

I(a)(Supp. 1990). In the context of our Workers' Compensation Law, we have said that a private employment relationship refers to "'any contract of hire, express or implied, oral or written. . . .'" *Swiezynski v. Civiello*, 126 N.H. 142, 144, 489 A.2d 634, 636 (1985) (quoting RSA 281:2, III, current version at RSA 281-A:2, VI (Supp. 1990)). Whether such a relationship exists requires an examination of "the employer's right to the employee's labor and [its] right to control the employee's performance, and the employee's corresponding right to compensation." *Id.* at 145, 489 A.2d at 637. The plaintiffs argue that BS&G, simply by virtue of its position as OA's parent corporation, cannot claim that Mr. Leeman was its employee in order to gain the protection of the statutory bar from suit. We agree.

In *Tanguay v. Marston*, 127 N.H. 572, 503 A.2d 834 (1986), the plaintiff, after having collected workers' compensation benefits from his corporate employer, brought suit to recover for his job-related injuries against a defendant who was the principal shareholder and president of the corporate employer. *Id.* at 574, 503 A.2d at 835. The defendant successfully argued before a master that, as a matter of law, the employer immunity provision of the workers' compensation statute barred the plaintiff's suit against him. *Id.* at 576, 503 A.2d at 836. In reversing the master's finding, we recognized that, as a corporation, the plaintiff's employer was a separate legal entity from its principal shareholder. As such, we held that "[a]n individual such as the defendant will share a corporation's employer immunity only when he is the *alter ego* of the corporation and is performing corporate responsibilities." *Id.*

We find this holding applicable to the present case. Although BS&G is a corporation and not a person, it is a separate legal entity from its subsidiary, OA, Mr. Leeman's employer. Thus, the fact that OA is owned by BS&G "is not conclusive to establish a single employer unit between two corporations [for workers' compensation purposes]." 1 W. FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 43.80, at 788 (1990). As one court has noted:

> "[A] business enterprise has a range of choice in controlling its own corporate structure. . . . The owners may take advantage of the benefits of dividing the business into separate corporate parts, but principles of reciprocity require that courts also recognize the separate identities of the enterprises when sued by an injured employee. . . . [T]he tort

system should not deny recovery . . . to an injured employee due to the fortuitous circumstance that the [alleged] tortfeasor is not a stranger but is controlled by the same business enterprise that controls his immediate employer."

*Boggs v. Blue Diamond Coal Co.*, 590 F.2d 655, 662 (6th Cir.), *cert. denied*, 444 U.S. 836 (1979) (applying Kentucky law).

■ Accordingly, unless BS&G can demonstrate that it is the *alter ego* of its subsidiary, it cannot claim the employer immunity of the workers' compensation statute. Because this appeal is taken from a decision on the pleadings, the factual question of whether BS&G is OA's *alter ego* remains. *See Tanguay, supra* at 576, 503 A.2d at 836; *Stevens v. Lewis*, 118 N.H. 367, 370, 387 A.2d 637, 639 (1978). If on remand, the finder of fact determines that BS&G has failed to demonstrate its status as OA's *alter ego*, and thus has no claim to the statutory employer immunity, the second question presented by this appeal will remain. That question is whether the doctrine in *Rounds v. Standex International*, holding that a co-employee is not liable for breach of his *employer's* nondelegable duty to maintain a safe workplace, similarly precludes the plaintiffs' action against the parent corporation, BS&G, based on the theory that the *parent* had a duty to keep OA's workplace safe.

In *Rounds*, we held that, in the context of the employer/employee relationship, the common law duty to provide a safe workplace is "nondelegable" and "rests exclusively with the employer, not the employee." *Rounds*, 131 N.H. at 76–77, 550 A.2d at 101–02. According to the plaintiffs, this holding does not preclude them from suing BS&G based on allegations that the parent corporation had "primary overall responsibility for the safety of employees of [OA]" and "a duty to ensure that the premises, equipment, and workplace were safe for all employees of [OA]." BS&G, on the other hand, argues that *Rounds* is clear: An employer's duty to provide a safe workplace is not only nondelegable, but is also exclusive to the employer. Thus, according to BS&G, the plaintiffs are foreclosed from asserting a negligence claim against a third party, such as BS&G, based on an alleged breach of the duty to provide a safe workplace.

■ We have, on two occasions, revisited our decision in *Rounds*, and have reaffirmed the concept that the duty to keep the workplace safe is a nondelegable duty of the employer and, therefore, not a duty of the employee. *See Tyler v. Fuller*, 132 N.H. 690, 569 A.2d 764 (1990); *Hall v. Tibert*, 132 N.H. 620, 567 A.2d 593 (1989). An impor-

tant and common element in each of these cases, however, is that the injured employee was seeking recovery from co-employees for injuries allegedly arising from unsafe conditions *caused by them. See Tyler supra*; *Hall supra*; *Rounds*, 131 N.H. 71, 550 A.2d 98. It is within this context that "the employer cannot escape liability for [breaching the duty to maintain a safe workplace] by purporting to delegate to another the duty itself or by delegating merely the performance of the duty." *Rounds*, 131 N.H. at 76, 550 A.2d at 101 (citations omitted). Because the employee is "charged with carrying out the employer's responsibility to provide a safe workplace," *id.* at 77, 550 A.2d at 101–02, the employee should not be subject to liability for breaching a duty which rests with the employer. *Id.* Moreover, "[t]o charge the employee with the same duty as the employer would effectively sidestep the workers' compensation law and hold the employee liable for breach of the same duty already compensated for through payment of benefits." *Id.* at 77, 550 A.2d at 102.

In the present case, however, BS&G is not alleged to be a co-employee of Mr. Leeman's, but rather a party who allegedly carries the primary responsibility for the safety of OA's employees. The question then is twofold: Does *Rounds* preclude an injured employee's recovery from a party, other than the employer or a co-employee, who may have undertaken an *independent duty* to provide a safe workplace? If not, does the plaintiffs' writ against BS&G sufficiently allege such an independent duty?

Several jurisdictions have recognized the right of an injured employee to seek recovery from the employer's parent corporation based on the breach of an independent duty to maintain a safe workplace. *Boggs*, 590 F.2d at 663; *First Nat. Bank of Camden, Arkansas v. Tracor, Inc.*, 851 F.2d 212, 214–215 (8th Cir. 1988) (applying Arkansas law); *Heinrich v. Goodyear Tire and Rubber Co.*, 532 F. Supp. 1348, 1354, (D. Md. 1982) (applying Maryland law); *Brock v. Alaska Intern. Industries, Inc.*, 645 P.2d 188, 190 (Alaska 1982). A key consideration in determining whether such an independent duty is present is whether the parent corporation specifically undertook an obligation to manage the safety of the injured parties' workplace by some affirmative act that is distinct from its actions as the managing stockholder. *Boggs supra*; *Tracor, Inc., supra* at 214.

In *Boggs*, for instance, the plaintiffs alleged that the parent corporation provided "management, engineering and safety services" to the subsidiary and took affirmative steps in conjunction with those services. *Boggs*, 590 F.2d at 658. Faced with these allegations, the court held that the parent could be held liable for negligently per-

forming its duties, thus causing injury to its subsidiary's employees. *Id.* at 663. Moreover, the court distinguished a parent corporation's liability based on an independent duty to maintain a safe workplace from an unsuccessful theory of liability in which the parent's duty to provide a safe workplace is based on a theory that, as the managing stockholder, the parent was derivatively liable for the subsidiary's breach of its duties to its employees. *Id.*

■ We find the reasoning of these cases persuasive. Our decision in *Rounds*, that a co-employee cannot be held liable for negligence in carrying out the employer's duty to provide a safe workplace, does not require the conclusion that a third party could not be held liable if it had independently undertaken a responsibility for keeping the employees safe from workplace accidents. When, as here, the alleged third party is the employer's parent corporation, the undertaking must be one which is distinct and separate from the undertaking inherent in the parent's position as managing stockholder of its subsidiary.

■ As previously noted, this appeal is taken from a dismissal on the pleadings. Consequently, where the plaintiffs have alleged only that BS&G had the "primary overall responsibility for the safety of employees of [OA]," it is unclear whether this alleged responsibility results from an independent undertaking by BS&G to manage safety at OA or, instead, from BS&G's position as the managing stockholder of OA. When we read the plaintiffs' allegations and take, as we must, all reasonable inferences therefrom in the light most favorable to the plaintiffs, we find that their allegations, at this threshold point, are sufficient. This finding, however, in no way relieves the plaintiffs from the obligation to demonstrate that BS&G, by some affirmative act, independently undertook the duty to maintain safe working conditions at OA.

*Reversed and remanded for further proceedings consistent with this opinion.*

All concurred.