Jaffe v. Catholice Med. Center       CV-02-246-JD  11/04/02
              UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE

Jonathan Jaffe, M.D.

      v.                          Civil No. 02-246-JD
                                  Opinion No. 2002 DNH 199
Catholic Medical Center, et al.


                          O R D E R

      The plaintiff, Jonathan Jaffe, brings a claim under the

Americans with Disabilities Act ("ADA") and related state law

claims against his former employer, Catholic Medical Center

Physician Practice Associates ("Associates"), Catholic Medical

Center ("CMC"), and Raymond Bonito.  The defendants move to

dismiss all of the claims against Bonito and CMC and to dismiss

the state law claims against Associates.  Jaffe agrees to dismiss

his claim under New Hampshire Revised Statutes Annotated § 354-A,

Count II, but otherwise objects to the motion.


                     Standard of Review

      In considering a motion to dismiss, pursuant to Federal Rule

of Civil Procedure 12(b)(6), the court accepts the facts alleged

in the complaint as true and draws all reasonable inferences in

favor of the plaintiff.  Calderon-Ortiz v. Laboy-Alvarado, 300

F.3d 60, 63 (1st Cir. 2002).  The court must determine whether

the complaint, construed in the proper light, "alleges facts

sufficient to make out a cognizable claim." Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002). All that is required is a short and plain statement of the claim. See Gorski v. N.H. Dep't of Corrections, 290 F.3d 466, 473 (1st Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).

Discussion

The defendants contend that the ADA claim must be dismissed as to Raymond Bonito because he was not named in Jaffe's EEOC complaint and because individuals are not subject to liability under the ADA. The defendants move to dismiss the ADA claim and breach of contract claims against CMC on the ground that CMC was not Jaffe's employer. They also move to dismiss the breach of contract claims against Bonito because he was not a party to the contract. The defendants argue that the wrongful termination claim does not state a cause of action.

A. ADA Claim

Despite the defendants' assertion to the contrary, it appears that Bonito was charged in Jaffe's EEOC complaint. Therefore, the defendants' argument that Jaffe failed to exhaust administrative remedies is not supported by the record.

The ADA prohibits disability discrimination by an employer.

2

See 42 U.S.C. § 12112(a). Although the First Circuit has not yet ruled on the question, this court and other district courts within the First Circuit have concluded that the ADA does not subject individuals to liability. See, e.g., Orell v. Umass. Mem. Med. Ctr., Inc., 203 F. Supp. 2d 52, 64 (D. Mass. 2002); Lee v. Trs. of Dartmouth Coll., 958 F. Supp. 37, 45 (D.N.H. 1997). Therefore, Jaffe's ADA claim against Bonito is dismissed.

The defendants contend that CMC was not Jaffe's employer and should be dismissed as to the ADA claim. Jaffe acknowledges that his employment agreement was with Associates, not CMC, but argues that the two entities are the same as to their dealings with him. Jaffe relies on a theory of "integrated enterprise."

Two entities may be considered to be a single employer under the integrated enterprise test if there is a sufficient interrelation of operations, common management, centralized control of labor decisions, and common ownership. Romano v. U-Haul Int'l, 233 F.3d 655, 662 (1st Cir. 2000); see also Russell v. Enter. Rent-A-Car Co., 160 F. Supp. 2d 239, 255-56 (D.R.I. 2001). The most important criterion of the test is the control of labor decisions. Id. at 666. Control, in this context, is measured by the interrelation of employment decisions between the two entities, but does not require total control or ultimate authority in the hiring process. Id.

3

The complaint alleges that CMC and Associates are effectively the same entity. In support of that theory, Jaffe alleges that CMC owns Associates, CMC officials operate and represent Associates and do not distinguish between their roles, and most of the employment documents, other than the employment agreement, show that Jaffe was a CMC employee. Jaffe also alleges that particular employment decisions relating to him were made by Bonito who was a Senior Vice President and CEO of CMC. As such, Jaffe has alleged sufficient facts to support an integrated enterprise theory that CMC and Associates were the same entity for purposes of the ADA.

B. Breach of Contract Claims

Jaffe alleges that the defendants breached his employment contract, and the implied covenant of good faith and fair dealing, by requiring him to work longer hours than he agreed, failing to consult with him, and failing to provide certain arrangements and tools that he believed were necessary for his practice. Bonito and CMC move to dismiss the breach of contract claims against them because they did not sign the employment agreement. Jaffe acknowledges that the agreement is signed by Associates but contends that CMC and Bonito should be considered to be the same as Associates.

4

Jaffe apparently invokes an alter ego theory to support his contention that Bonito, CMC, and Associates acted as one entity. New Hampshire recognizes such a theory under appropriate circumstances. See, e.g., Terren v. Butler, 134 N.H. 635, 639-40 (1991); Leeman v. Boylan, 134 N.H. 230, 234 (1991); Druding v. Allen, 122 N.H. 823, 827 (1982). "[T]he corporate veil may be pierced by finding that the corporate identity has been used to promote an injustice or fraud on the plaintiffs." Terren, 134 N.H. at 639. Jaffe alleges facts pertaining to the relationship between CMC and Associates that could support an alter ego theory. Jaffe alleges no facts, however, that suggest that Bonito acted in his personal capacity in such as way as to make him an alter ego of Associates. Therefore, the breach of contract claims as to Bonito are dismissed.

C. Wrongful Termination Claim

Jaffe alleges that he was fired because of his disability or his perceived disability. He also alleges that he was fired in bad faith or "in violation of the public policy that governs employer-employee relations generally and that governs such relationships when the employee, like plaintiff, is a doctor who has patients that may be affected by the employer's wrongful conduct." Compl. ¶ 46. The defendants move to dismiss the

5

wrongful termination claim as precluded by the availability of a cause of action under the ADA.

To state a wrongful termination claim under New Hampshire law, a plaintiff must allege facts showing that "(1) the termination of employment was motivated by bad faith, retaliation or malice; and (2) that she was terminated for performing an act that public policy would encourage or for refusing to do something that public policy would condemn." Karch v. BayBank FSB, 794 A.2d 763, 774 (N.H. 2002). A plaintiff may not maintain a New Hampshire wrongful discharge claim if the same claim is addressed by a statutory cause of action such as the ADA. See, e.g., Cooper v. Thomson Newspapers, Inc., 6 F. Supp. 2d 109, 115 (D.N.H. 1998) (discussing Wenners v. Great State Beverages, 140 N.H. 100, 103 (1995)); see also Smith v. F.W. Morse & Co., 76 F.3d 413, 429 (1st Cir. 1996) (same in Title VII context).

Jaffe contends that his wrongful termination claim does not depend on the alleged disability discrimination that is the basis of his ADA claim. Instead, Jaffe argues that his wrongful termination claim alleges that he was terminated in bad faith "without regard to the policy that militates against such a termination due to its affect [sic] upon a doctor's relationship with his patients, in an improper attempt to 'steal' plaintiff's practice from him by taking advantage of plaintiff's health

6

problems and perceived physical issues to concoct a reason to trigger the termination clause in the contract."  Obj. ¶ 18.

Allegations of the defendants' intent to "steal" Jaffe's practice are not included in the complaint.  In addition, even if that theory were alleged, it does not meet the requirements of wrongful termination under New Hampshire law.  To state a claim, Jaffe must allege facts that show that he was terminated because he performed a protected act or refused to do something that public policy would condemn.  See Karch, 794 A.2d at 774.  In the absence of such allegations, Jaffe has failed to state a claim of wrongful termination.  See Cooper, 6 F. Supp. 2d at 115.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to dismiss (document no. 3) is granted to the extent that the ADA claim in Count I and breach of contract claims in Counts III and IV are dismissed as to defendant Bonito and Counts II and V are dismissed entirely.  The motion is otherwise denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November    , 2002
cc:  Michael J. Sheehan, Esquire
     Alexander J. Walker, Esquire

7