Rockingham,
No. 5769.

### JOSEPH SPURGIAS

*v.*

### NORMAN MORRISSETTE & a.

Argued September 5, 1968.
Decided January 31, 1969.

*Shaw & Eldredge* (*Mr. Robert Shaw* orally), for the plaintiff.

*Scammon, Gage & Whitman* (*Mr. Robert G. Whitman* orally), for the defendants.

DUNCAN, J. This is a petition for a writ of mandamus to compel the defendants as selectmen of the town of Exeter to comply with a vote adopted at the annual meeting of the town held in 1966. The vote was to "raise and appropriate" $2,865.54 and to instruct the selectmen to pay the same to the plaintiff herein "as reimbursement to him of the profit made by the town in the sale of his property acquired by the town by tax collector's deed." A second vote adopted in 1967 purported to authorize and direct the selectmen to arrange for town counsel to compromise and settle this action for $2,865.54 "so as to carry out the wishes and vote of the Town as directed by the voters . . . in 1966." The Trial Court (*Morris,* J.) reserved and transferred on an agreed statement of facts the question of whether the selectmen may legally comply with the votes in question.

The agreed facts established that the plaintiff is the former owner of two house lots and a dwelling in Exeter which the town purchased at a sale for unpaid taxes. The property was deeded to the town by collector's deed on December 31, 1964 for nonpayment of taxes in the sum of $125.59. Pursuant to authority voted at the annual meeting of the town in 1965 the property was sold by the town in August 1965 at public auction for $3,700, leaving a net surplus after costs, taxes, and interest of $2,865.54. The issue is whether the defendants may legally comply with the votes of the town adopted in 1966 and 1967 directing them to pay the amount of this surplus to the plaintiff.

"It is a long established principle of our law that towns are but subdivisions of the State and have only the powers the State grants to them." *Exeter* v. *Kenick,* 104 N. H. 168, 170. It is fundamental that the Constitution denies "power to the legislature to authorize the assignment of public funds to other than public purposes." *Opinion of the Justices,* 85 N. H. 562, 563. The purposes for which towns may raise and appropriate money as stated in RSA 31:4 include: "XXIX. TOWN CHARGES. To defray all necessary charges arising within the town." Towns are authorized to make bylaws, including bylaws "for making and ordering their prudential affairs." RSA 31:39.

Under applicable law, following sale of his property for non-payment of taxes the plaintiff was entitled to redeem it at any time before a collector's deed should be given. RSA 80:32. No such deed could be given until "after two years from the sale." RSA 80:38. Towns may, by majority vote at an annual meeting, authorize the selectmen to convey property taken in default of redemption from tax sale "under such conditions as may be specified by the town meeting . . . ." RSA 80:42. See *deRochemont* v. *Holden,* 99 N. H. 80, 82. No contention is here made that resale by the town was not properly authorized by the vote of the town meeting. Nor is it suggested that this vote specified any condition which would subject the surplus proceeds to any claim by the plaintiff.

The question of the proper disposition of surplus proceeds from the sale of property acquired at tax sale has received infrequent consideration in the litigated cases. In the absence of contrary provision by statute (*Taylor* v. *Monroe,* 158 Ohio St. 266) or constitution (*Beckley* v. *Hatcher,* 136 W. Va. 169) a municipality's title to such property is absolute, so that a town is free from either legal or equitable claims by the taxpayer to any surplus realized. *Kelly* v. *Boston,* 348 Mass. 385; *Oosterwyk* v. *Milwaukee County,* 31 Wis. 2d 513. See 85 C. J. S. 149, Taxation, *s.* 817.

Under RSA 80:42 the authority to resell granted by vote of the town is effective "for one year from the date of the town meeting . . . unless otherwise provided." In this case the authority granted was to sell at public auction, with no condition with respect to any surplus proceeds. Upon the valid exercise within the one-year period of the authority granted by the town, its power under RSA 80:42 was fully executed, and the 1965 vote authorizing the sale could not thereafter be modified.

While plaintiff has offered evidence of the terms of sales of other town properties as authorized by vote at the same or earlier annual meetings of the town, it does not appear how this evidence can be either material or competent. The plaintiff's argument that the vote of the town directing payment to the plaintiff establishes that the payment was "a necessary charge of the town" (RSA 31:4 XXIX) cannot be accepted. Necessary charges are those which the law requires towns to pay, rather than those which the voters may in their discretion consider to be "necessary charges." "If this is a legal claim against the

town, its payment is a necessary town charge." *Hampton &c. Co.* v. *Hampton,* 77 N. H. 373, 374. "Votes and contracts of towns are valid when they relate to objects concerning which they have a duty to perform, an interest to protect, or a right to defend." *Gove* v. *Epping,* 41 N. H. 539, 545-546. See *Waters* v. *Bonvouloir,* 172 Mass. 286, 288; *Spaulding* v. *Lowell,* 23 Pick. (Mass.) 71, 76-77. See also, *Wheeler* v. *Alton,* 68 N. H. 477.

The plaintiff suggests that it was open to him to attack the tax sale under RSA 80:24, providing that a sale for nonpayment of taxes "shall be of so much of the estate holden as will pay the taxes and incidental charges," upon the assumption that it was unnecessary to sell the entire property in order to satisfy the charge of $125.59. The record, however, contains nothing to indicate a violation of the statute. So far as appears no bidder offered to take less than the whole property for the amount due on it, and the whole was therefore properly sold for the charges due. *French* v. *Spalding,* 61 N. H. 395, 400. See Howes, Tax Collecting in New Hampshire, 192 et seq.

We conclude that the town is under no legal obligation to account to the plaintiff for the surplus proceeds realized upon resale. The collector's deed terminated the plaintiff's right of redemption, and the proceeds on resale were the property of the town. *Kelly* v. *Boston,* 348 Mass. 385, *supra.* As such, they were public funds, and the town lacked authority to pay them out on any theory of "equity and good conscience." *Id.* 389. Consequently the defendant selectmen may not legally comply with the votes of the 1966 and 1967 town meetings.

*Remanded.*

Grimes, J., did not sit; the others concurred.