Request of the Senate
No. 89-200

OPINION OF THE JUSTICES

May 24, 1989

The following reply is returned to the Honorable Senate:

The undersigned justices of the Supreme Court submit the following reply to the questions presented in your resolution adopted on May 2, 1989, and filed in this court on May 8, 1989.

In *White v. Town of Wolfeboro*, 131 N.H. 1, 551 A.2d 514 (1988), we interpreted RSA 80:24 and :24-a as applied to the particular tax sale, and found their application wanting. In that case, we construed the two statutes to uphold the plaintiff's challenge to the tax collector's practice of conveying by collector's deed a whole parcel of property when only a fraction of its value was owed in unredeemed taxes and incidental expenses. RSA 80:24 provides that:

> "Every such sale shall be at auction, in some public place in the town or place where the land is situated, and between the hours of ten in the forenoon and six in the afternoon, and *shall be of so much of the estate holden as will pay the taxes and incidental charges;* but, if necessary, the sale may be adjourned from day to day, not exceeding three days, by proclamation made at the place of sale within the hours aforesaid."

(Emphasis added.) RSA 80:24-a provides that:

"When such sale is of less than the whole estate the collector *shall sell only a common and undivided interest in the property* and no portion thereof shall be sold in severalty by metes and bounds."

(Emphasis added.)

In *White* we held that when a tax collector conducts a tax sale under these provisions, "only that portion of the estate may be sold, as *an undivided interest in common* with the person to whom the property is taxed, as the amount of the tax, interest and charges bears to the value of the property in the tax year in question . . . ." *White*, 131 N.H. at 5, 551 A.2d at 516 (emphasis added).

In response to our decision in *White*, the legislature is considering HB 637, which reads as follows:

"1  Statement of Intent.  The general court recognizes that a question of statutory interpretation has arisen concerning the interest which may be sold in property which is subject to a tax sale. The purpose of this act is to clarify the application of current RSA 80:24 and 80:24-a by combining them into one section and by explicitly stating that when a tax sale takes place, it shall be for the percentage of the common and undivided interest in the whole property that a bidder is willing to offer for the unpaid tax, interest and costs due thereon. The general court finds that such was the intent at the time of passage of the original version and was so commonly understood. Therefore, in order to protect the expectations of persons as to the legal significance of their acts taken under the prior language of these statutes, the general court affirms the validity of tax sales conducted in good faith in accordance with this interpretation of former RSA 80:24 and 80:24-a.

2  Failure to Pay Real Estate Taxes; Conduct of Tax Sale. RSA 80:24 is repealed and reenacted to read as follows: 80:24  Conduct of Sale.  Every such sale shall be at auction for the percentage of the common and undivided interest in the whole property that a bidder is willing to offer for the unpaid tax, interest and costs due thereon. No portion of the property shall be sold in severalty by metes and bounds. The sale shall be held in some public place in town where the land is situate and between the hours of 10:00 a.m. and 6:00 p.m. but, if necessary, the sale may be adjourned from day to day, not exceeding 3 days by

proclamation made at the place of the sale within the hours stated in this section.

3 Repeal. RSA 80:24-a, relative to the manner of tax sales, is repealed. 4 Severability. If any provisions of this act or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of this act which can be given effect without the invalid provisions or applications, and to this end provisions of this act are severable.

4 Curative Statute Expressly Applicable. The terms of RSA 80:39 are hereby declared to be, and to always have been, expressly applicable so as to bar, after 10 years from the date of record of the collector's deed, any and all claims that a tax sale or any collector's deed based thereon conveyed a greater percentage of the estate than was authorized under Public Law 66:22 as enacted by 1925, 61:1, and as recodified in Revised Laws 80:22 and RSA 80:24; and RSA 80:24-a, as enacted by 1961, 30:1.

5 Severability. If any provisions of this act or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of this act which can be given effect without the invalid provisions or applications, and to this end provisions of this act are severable.

6 Effective Date. This act shall take effect upon its passage."

We note that the proposed statute as presented to us contained two severability clauses.

■ The questions before us ask whether HB 637 and its proposed variations violate part I, article 23 of the New Hampshire Constitution, which prohibits retrospective laws. Implicit in these questions is the issue of whether our decision in *White v. Wolfeboro,* 131 N.H. 1, 551 A.2d 514 is prospective or retrospective. We advise that our decision in *White v. Wolfeboro* applies to the plaintiff in that case, and to tax sales from the date of that opinion forward to the effective date of any amending legislation.

In reaching this opinion, we rely on the reasoning in our decision in *Hampton Nat'l Bank v. Desjardins,* 114 N.H. 68, 314 A.2d 654 (1974). There, we stated that under common law theory, court decisions and opinions generally operate retroactively, *id.* at 73, 314 A.2d at 657, but that our court "has applied its opinions and

decisions prospectively whenever it has thought justice to be better served by doing so." *Id.* at 74, 314 A.2d at 658 (citations omitted).

In *Hampton Nat'l Bank*, we also noted that the Supreme Court of the United States has listed three separate factors that it considers in determining that a federal holding in a civil case will not be applied retroactively. *Id.* at 75, 310 A.2d at 658. These factors are: (1) whether the holding establishes a new principle of law by overruling clear precedent or by deciding an issue that was not clearly foreshadowed; (2) whether the merits of the case warrant prospective application, viewed in light of the history of the rule in question, its purpose and effect, and whether retrospective application will advance or retard its operation; and (3) whether inequity would result from retrospective application. *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-07 (1971). Although we have not adopted the *Chevron* test, we nevertheless find its application useful in this instance.

First, the *White* decision upset customary tax sale practices, although we cannot say that the law was so clear that the customs had their basis in precedent. *Compare Ainsworth v. Dean*, 21 N.H. 400, 407 (1850) (collector's sale could not be maintained when whole lot sold for amount of taxes, rather than so much of estate as necessary to pay taxes and charges) *with Spurgias v. Morrissette*, 109 N.H. 275, 277, 249 A.2d 685, 687 (1969) (tax sale of entire parcel valid when no bidder appears to buy less than whole). Our decision in *White*, however, was not foreshadowed clearly by any cases which came before it. *Cf. Merrill v. Manchester*, 114 N.H. 722, 731, 332 A.2d 378, 384 (1974) (Duncan, J., concurring). For this reason, the first factor weighs in favor of prospective application of *White*.

The second *Chevron* factor is not germane to our discussion because in this opinion we are not concerned with the effect of a holding upon the facts of a case or controversy before us, as was the case in *Chevron*.

Upon examining the third factor, we conclude that inequities would result from retrospective operation of *White*. Property owners, whose titles contain a tax deed and who previously had believed their titles to be marketable and unencumbered, now face unmarketable and clouded titles. The statement of intent of HB 637 implicitly contains legislative findings which we should not disregard lightly. That statement indicates the legislature's intent to validate pre-*White* tax sales and collectors' deeds, as well as to protect innocent landowners who had taken title to property in reliance upon the validity of tax deeds given prior to that decision. These legislative concerns buttress our conclusion that a retrospec-

tive application of *White* would have a significant adverse impact on local governments and certain private property owners.

Based on the analysis above, we are of the opinion that these *Chevron* factors weigh in favor of applying *White* only prospectively. Our comments in this advisory opinion do not foreclose challenges to tax sales or collectors' deeds based upon claims other than the one decided in *White*. For example, we express no comment on the due process and equal protection clause challenges to the statutory procedures, both existing and proposed, which some comments have raised.

We now turn to the specific questions presented by the legislature. Question one asks us whether the proposed legislation violates part I, article 23 of the New Hampshire Constitution, which prohibits retrospective laws. We have defined a retrospective law as one which "'takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.'" *Norton v. Patten*, 125 N.H. 413, 415, 480 A.2d 190, 191–92 (1984) (quoting *Woart v. Winnick*, 3 N.H. 473, 479 (1826)).

We address each of HB 637's sections in turn. Section one states that "in order to protect the expectations of persons as to the legal significance of their acts taken under the prior language of these statutes, the general court affirms the validity of tax sales conducted in good faith in accordance with this interpretation . . . ." With this broad statement, the legislature apparently is trying to wave a legislative wand over all tax sales to make any legal defects in them disappear. Such an attempt, insofar as it would apply to post-*White v. Wolfeboro* tax sales, is not constitutionally permissible because it would cut off prematurely the contestability of rights granted under RSA 80:39. *Lozier v. Brown Company*, 121 N.H. 67, 70, 426 A.2d 29, 31 (1981) (legislature "cannot constitutionally enact laws that affect existing causes of action, regardless of whether suit upon that action has not been filed").

Section two of the proposed bill provides in pertinent part that "[e]very such sale shall be at auction for the percentage of the common and undivided interest in the whole property that a bidder is willing to offer for the unpaid tax, interest and costs due thereon . . . ." This section combines RSA 80:24 and 80:24-a into a single section and changes the language of those sections to permit tax collectors to sell at auction so much of the whole property as a bidder is willing to buy for the unpaid taxes, interest, and costs due. This new section alters the effect of our holding in *White v. Wolfeboro*, 131 N.H. 1, 551 A.2d 514, in that a bidder at a tax sale

conceivably could acquire the whole parcel of property for the monies owed, and not be limited to a fractional interest, as under the existing statutes. We do not find this section to be unconstitutionally retrospective, as the proposed bill states that its provisions do not take effect until it is passed. Because this section of the statute would operate prospectively, it does not violate part I, article 23 of the State Constitution.

Section three, which repeals RSA 80:24-a and includes a severability provision upholding other sections in the event one is held invalid, does not implicate the retrospective article of the New Hampshire Constitution.

Section four declares that the ten-year statute of limitations set forth in RSA 80:39 applies, and always did apply, to all claims against a tax sale or collector's deed, even if that sale or deed conveyed a greater percentage of the estate than was authorized under RSA 80:24 and 80:24-a. RSA 80:39 is a statute of limitation which bars suits contesting the validity of a tax sale or collector's deed ten years after the date of record of the collector's deed. We note first that it is factually incorrect to state the RSA 80:39 has always applied to suits contesting tax sales, because the predecessor of the current law was enacted in 1947, see Laws 1947, ch. 103, and was amended in 1965 to provide for the present ten-year time limit. See Laws 1965, ch. 253. We do not find, however, that this section is a retrospective law. The proposed language does not change existing law, but merely emphasizes what RSA 80:39 already states; namely, that suits to contest the validity of a tax sale or a collector's deed must be brought within ten years from the date of record of the collector's deed, or be barred. Such a re-emphasis of existing law does not implicate the concerns of part I, article 23 of the New Hampshire Constitution.

Questions two through six do not specify which provisions of either the State or the Federal Constitution the Senate requests us to address. In view of the generality of these questions, we will not speculate upon which constitutional issues might be raised. *Opinion of the Justices*, 131 N.H. 573, 558 A.2d 454 (1989) (citation omitted). We note, however, that the answer to question one may respond to the concerns about retrospectivity raised by questions two through six.

> DAVID A. BROCK
> WILLIAM F. BATCHELDER
> DAVID H. SOUTER
> WILLIAM R. JOHNSON

May 24, 1989

THAYER, J., did not participate.

*John P. Arnold,* attorney general (*David S. Peck,* assistant attorney general, on the memorandum), filed a memorandum in support of affirmative answers to questions one, two, and three.

*New Hampshire Municipal Association* (*H. Bernard Waugh*), filed a memorandum in favor of *White's* prospective application.

*Elizabeth Cazden,* of Manchester filed a memorandum on behalf of herself and four other attorneys in support of negative answers to the questions presented.

*New Hampshire Legal Assistance* (*Nina W. Lloyd* and *Thomas A. Fredenberg*), filed a memorandum in support of negative answers to the questions presented.

*Gallagher, Callahan & Gartrell,* of Concord (*Anne G. Scheer*), filed a memorandum on behalf of the New Hampshire Bankers Association), in support of affirmative answers to questions one, two, and three, and in support of the prospective application of *White.*

*Sulloway Hollis & Soden,* of Concord (*R. Carl Anderson* and *William D. Pandolph*), filed a memorandum on behalf of Chicago Title Insurance Company in support of affirmative answers to questions one and two, and in support of the prospective application of *White.*

*Nighswander, Martin & Mitchell P.A.,* of Laconia (*Mitchell B. Jean*), filed comments for the New Hampshire Bar Association, Real Property, Probate, and Trust Section in support of validating all tax titles more than ten years old.

*Nixon, Hall & Hess,* of Manchester (*Francis G. Murphy, Jr.*), filed a memorandum on behalf of Beatrice Chase in support of negative answers to the questions presented.

Representative George West, sponsor of HB 637, submitted comments and materials in support of affirmative answers to the questions presented.

The court received eighteen additional comments concerning HB 637.