Sullivan
No. 97-887

THOMAS TOOL SERVICES, INC.

v.

TOWN OF CROYDON

August 28, 2000

*Orr & Reno, P.A.*, of Concord (*R. James Steiner* and *Gayle Morrell Braley* on the brief, and *Ms. Braley* orally), for the plaintiff.

*Clauson & Atwood*, of Hanover (*K. William Clauson* on the brief and orally), for the defendant.

*New Hampshire Legal Assistance* (*Bennett B. Mortell* and *John E. Tobin, Jr.*, on the brief, and *Mr. Mortell* orally), for Shane and Donna Dudley, as *amici curiae*.

DALIANIS, J. The defendant, Town of Croydon, appeals the Superior Court's (*Morrill*, J.) grant of plaintiff Thomas Tool Services, Inc.'s motion for summary judgment. The defendant contends that the trial court erred in: (1) ruling the alternative tax procedure, RSA 80:58-:87 (1991 & Supp. 1992) (amended 1992, 1993, 1994, 1995, 1997, 1998, 1999), unconstitutional; and (2) failing to apply laches to bar the plaintiff's claim. We affirm.

The following facts are not in dispute. In 1983, the plaintiff paid at least $65,000 to purchase real estate in Croydon. In April 1988, the plaintiff moved its corporate address from Hackensack, New Jersey, to Englewood Cliffs, New Jersey. Although it paid the 1988 taxes, it did not inform the defendant of its change of address. The 1989 tax bills were returned to the defendant marked "forwarding expired" and "addressee unknown." From 1989 forward, the plaintiff did not pay property taxes. In 1992, the deputy tax collector conveyed the property to the defendant by tax deed for $370.26, pursuant to RSA 80:76. The plaintiff learned of the tax deed in January 1995 and offered to redeem the property. The defendant refused, and at a subsequent town meeting, it received voter approval to sell the property at public auction.

After learning of the tax deed, the plaintiff brought a petition in equity claiming, among other things, that the alternative tax lien procedure resulted in an unconstitutional taking of its property. The plaintiff moved for summary judgment, which the trial court granted, ruling that the "statutory alternative tax lien procedure (RSA 80:58-[:]87) is constitutional only if it is read to limit the taking of the taxable property to the extent necessary to satisfy the tax debt, interest, reasonable costs and fees, and a reasonable penalty." This appeal followed.

The defendant first argues that the trial court erred in concluding that the alternative tax lien procedure constituted an unconstitutional taking under either the State or Federal Constitution. *See* N.H. CONST. pt. I, art. 12; U.S. CONST. amend. V.

We first address the defendant's argument under our State Constitution, using federal law only as an aid in our analysis. *See* *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350-51 (1983).

RSA chapter 80 governs the sale of land for collection of taxes. A town may choose to collect taxes either by a tax sale procedure or by a tax lien procedure. *See* RSA 80:87, :20, :20-a (1991). Under the alternative tax lien procedure,

> an affidavit of the execution of the tax lien to the municipality, county or state shall be delivered to the municipality by the tax collector on the day following the last date for payment of taxes as stated in the notice given in RSA 80:60. The collector shall execute to the municipality, county or state only a 100 percent common and undivided interest in the property and no portion thereof shall be executed in severalty by metes and bounds.

RSA 80:61.

In *First NH Bank v. Town of Windham*, 138 N.H. 319, 639 A.2d 1089 (1994), we examined the alternative tax lien procedure. The majority decided that case on due process grounds, *see id.* at 327-28, 639 A.2d at 1094-95, leaving unanswered questions regarding the constitutionality of the alternative tax lien procedure under the takings clause. Justice Horton's concurrence, however, addressed the takings issue and would have found the "alternative tax lien procedure . . . constitutional only if it [were] read to provide for taking of the taxable property only to the extent of the lien." *Id.* at 332, 639 A.2d at 1098 (Horton, J., concurring).

We are now squarely confronted with the issue of whether the alternative tax lien procedure violates the takings clause of the New Hampshire Constitution. We hold that it does.

Part I, Article 12 of the New Hampshire Constitution provides that "no part of a man's property shall be taken from him, or applied to public uses, without his consent, or that of the representative body of the people." This provision requires just compensation in the event of a taking. *Burrows v. City of Keene*, 121 N.H. 590, 596, 432 A.2d 15, 18 (1981). Because the right to property is a fundamental right in our State, all subsequent grants of power, including the taxing power, are limited as to how they adversely affect it. *Cf. id.*

Here the defendant acquired a property for $370.26, for which the plaintiff had originally paid at least $65,000. Assuming that the property is worth substantially more than the $370.26 that the defendant paid for it, the defendant has realized an enormous surplus. While we do not condone delinquent taxpayers, the amount of surplus the defendant realized results in an unduly harsh penalty.

■■ We therefore hold that the statutory alternative tax lien procedure is unconstitutional. We are aware that the legislature amended the alternative tax lien procedure in 1998, *see* RSA 80:61, :88-:91 (Supp. 2000), but at this time express no opinion as to the constitutionality of the amended process.

The application of the rule announced in this case shall apply to the parties and to any similar cases pending as of the date of this opinion but not concluded, but shall not be retrospectively applied. *See First NH Bank*, 138 N.H. at 328, 639 A.2d at 1095.

The defendant does not argue that the trial court incorrectly ordered it to retain only an amount necessary to satisfy the tax debt, interest, reasonable costs and fees, and a reasonable penalty. We therefore do not address this issue.

The defendant's reliance on *Spurgias v. Morrissette*, 109 N.H. 275, 249 A.2d 685 (1969), is misplaced. Not only is *Spurgias*

distinguishable on its facts, but more importantly, it did not address the takings issue. *See id.*; *First NH Bank*, 138 N.H. at 332, 639 A.2d at 1097 (Horton, J., concurring).

The defendant correctly notes that other courts have not found a taking under similar circumstances. *See, e.g., Nelson v. New York City*, 352 U.S. 103, 110 (1956); *City of Auburn v. Mandarelli*, 320 A.2d 22, 30-31 (Me.), *appeal dismissed*, 419 U.S. 810 (1974); *Sheehan v. County of Suffolk*, 490 N.E.2d 523, 525-26 (N.Y.), *cert. denied*, 478 U.S. 1006 (1986); *Ritter v. Ross*, 558 N.W.2d 909, 912 (Wis. Ct. App. 1996), *cert. denied*, 522 U.S. 995 (1997). *But see Bogie v. Town of Barnet*, 270 A.2d 898, 900-01 (Vt. 1970). Most courts holding that no taking occurs do so under the Fifth Amendment of the United States Constitution, and their opinions are not controlling on this court. *See, e.g., Nelson*, 352 U.S. at 110; *City of Auburn*, 320 A.2d at 25; *Sheehan*, 490 N.E.2d at 525-26; *Ritter*, 558 N.W.2d at 912.

■ The defendant also argues that the superior court should have considered the defense of laches. We will not devote appellate resources to issues that receive only passing reference in a brief, *see, e.g., N.E. Tel. & Tel. Co. v. City of Franklin*, 141 N.H. 449, 454, 685 A.2d 913, 918 (1996), or are undeveloped, *see State v. Laurent*, 144 N.H. 517, 521, 744 A.2d 598, 601 (1999), and we decline to do so here.

■ The *amici curiae* argue that the alternative tax lien procedure also violates the equal protection guarantees of our State Constitution. The equal protection argument was not raised by either of the parties. "Although an amicus curiae is permitted to make useful suggestions to the court on matters of law which may escape the court's attention, an amicus curiae is bound by the issues presented by the parties." *Appeal of Town of Hampton Falls*, 126 N.H. 805, 814, 498 A.2d 304, 310 (1985) (citation omitted). Thus, whether the alternative tax lien procedure violates equal protection under our State Constitution is not properly before us.

*Affirmed.*

NADEAU, J., concurred; GROFF and MOHL, JJ., superior court justices, specially assigned under RSA 490:3, concurred; DUNN, J., retired superior court justice, sat for oral argument by special assignment under RSA 490:3 but did not take part in the final vote.