Strafford
No. 2002-486

ESTATE OF RICHARD H. IRELAND, JR. & a.

v.

WORCESTER INSURANCE COMPANY & a.

Argued: May 7, 2003
Opinion Issued: July 1, 2003

*Lyons Law Offices, P.A.*, of Portsmouth (*John E. Lyons, Jr.* on the brief and orally), for the plaintiffs.

*McNeill, Taylor and Gallo, PA*, of Dover (*Stephen H. Roberts* on the brief and orally), and *Litchfield Cavo*, of Avon, Connecticut (*Kathleen F. Munroe* on the brief), for defendant St. Paul Fire and Marine Insurance Company.

*Getman, Stacey, Tamposi, Schulthess & Steere, P.A.*, of Bedford (*Anthony I. Blenkinsop* on the brief and orally), for defendant Worcester Insurance Company.

DALIANIS, J. The plaintiffs, the Estate of Richard H. Ireland, Jr. and Sharron Ireland, appeal from the order of the Superior Court (*T. Nadeau,* J.) granting a motion to dismiss filed by the defendants, Worcester

Insurance Company and St. Paul Fire And Marine Insurance Company. We affirm.

The trial court found the following facts. Richard Ireland was operating a dump truck owned by his employer. He was injured when another employee struck the dump truck with a front-end loader. Ireland received workers' compensation benefits for his injuries from the date of the accident until he died from causes unrelated to his injuries.

At the time of the accident, Ireland was covered by a motor vehicle insurance policy issued by the Worcester Insurance Company. Ireland's employer was covered by a motor vehicle insurance policy issued by St. Paul Fire and Marine Insurance Company. The plaintiffs filed a declaratory judgment action against the defendants to recover uninsured motorist benefits under each policy. The defendants moved to dismiss. The trial court granted the motion, citing our holding in *Matarese v. New Hampshire Municipal Association Property-Insurance Trust, Inc.*, 147 N.H. 396 (2002).

In *Matarese*, we overruled our holding in *Gorman v. National Grange Mutual Insurance Co.*, 144 N.H. 157 (1999) (plaintiff barred from suing tortfeasor may nonetheless recover uninsured motorist benefits), and held that the phrase "legally entitled to recover," *see* RSA 264:15 (1993), "unambiguously imposes a condition precedent to the insured's right to recover." *Matarese*, 147 N.H. at 402. In so concluding, we interpreted the policy language using the rules of statutory construction since the language was dictated by RSA 264:15. *Id.* We held that "the insured must be able to prove the liability of the uninsured motorist in order to recover uninsured motorist benefits under the statute and the policy." *Id.* Because the insured could not state a cause of action against the tortfeasor under the fireman's rule, *id.* at 399, we concluded that the insured was not "legally entitled to recover" damages from the uninsured motorist and therefore had no cause of action for uninsured motorist benefits. *Id.* at 404-05.

In accord with *Matarese*, the trial court agreed with the defendants that because the Workers' Compensation Law barred the plaintiffs from recovering from either the tortfeasor employee or the employer, *see* RSA 281-A:8 (1999), the plaintiffs were not "legally entitled to recover" damages under either uninsured motorist policy. On appeal, the plaintiffs do not dispute that the Workers' Compensation Law bars suit against the tortfeasor employee or the employer, but argue that: (1) our holding in *Matarese* should not be retroactively applied to their suit; and (2) *Matarese* should be overruled.

"The standard of review in considering a motion to dismiss is whether the plaintiff[s'] allegations are reasonably susceptible of a construction

that would permit recovery." *Hobin v. Coldwell Banker Residential Affiliates*, 144 N.H. 626, 628 (2000) (quotation omitted). Although we assume the truth of the facts alleged in the plaintiffs' pleadings and construe all reasonable inferences in the light most favorable to the plaintiffs, we will uphold the granting of the motion to dismiss if the facts pled do not constitute a basis for legal relief. *See id.*

We first address the plaintiffs' argument that our holding in *Matarese* should not be retroactively applied to their case. At common law, appellate decisions in civil cases are presumed to apply retroactively. *Hall v. Tibert*, 132 N.H. 620, 621 (1989). "A newly announced rule of law is ideally premised on the court's determination that this rule's application will reach results more just than those reached under prior law." *Waid v. Ford Motor Co.*, 125 N.H. 640, 641 (1984). "[B]y saying what the law is, the court says, in effect, what it should have always been." *Id.*

The plaintiffs argue that retroactive application of *Matarese* here would be inequitable because of their reliance upon *Gorman*. While recognizing that the rule established in *Matarese* has been retroactively applied, the plaintiffs argue that because they relied upon *Gorman*, *Matarese* should not be applied to their cause of action. They rely upon the test set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), which this court has found useful and applied in other cases. *See Opinion of the Justices*, 131 N.H. 644, 650 (1989); *Hampton Nat'l Bank v. Desjardins*, 114 N.H. 68, 75 (1974). The *Chevron Oil* test requires consideration of these factors:

> (1) whether the holding establishes a new principle of law by overruling clear precedent or by deciding an issue that was not clearly foreshadowed; (2) whether the merits of the case warrant prospective application, viewed in light of the history of the rule in question, its purpose and effect, and whether retrospective application will advance or retard its operation; and (3) whether inequity would result from retrospective application.

*Opinion of the Justices,* 131 N.H. at 650.

The plaintiffs essentially argue for "selective prospectivity" of our holding in *Matarese* under the *Chevron Oil* test. The doctrine of selective prospectivity entails applying a new rule in the case in which it is pronounced, then returning to the old one with respect to other cases arising from facts predating the pronouncement. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 537 (1991). The plaintiffs argue that we should apply the rationale of prior case law in which we used the *Chevron Oil* test as a guide to determine that an opinion would have selective prospective application. *See Opinion of the Justices*, 131 N.H. at 651; *Hampton Nat'l Bank*, 114 N.H. at 76.

The United States Supreme Court has held, however, that the test it established in *Chevron Oil* cannot be employed to selectively apply a civil holding prospectively. *See James B. Beam Distilling Co.*, 501 U.S. at 538; *see also Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97-98 (1993). In granting the defendants' motion to dismiss, the trial court ruled that "*James Beam*, rather than *Chevron*, is the standard for determining whether *Matarese* should be applied retroactively." Thus, the trial court addressed the question under *Beam*, a test we have not yet adopted, and never reached the plaintiffs' arguments under the *Chevron Oil* test. Our first task on appeal is to determine whether we will adopt the Supreme Court's reasoning in *Beam* or continue to apply our prior rationale which was guided by *Chevron Oil.*

In *Beam*, the Supreme Court held that the *Chevron Oil* test cannot be applied "to the end of [selective] civil prospectivity." *James B. Beam Distilling Co.*, 501 U.S. at 538. The Court found that, by picking and choosing from among similarly situated claimants those who will receive the benefit of a new rule, *id.* at 538, selective prospectivity "breaches the principle that litigants in similar situations should be treated the same," *id.* at 537. "[T]he *Chevron Oil* test cannot determine the choice of law by relying on the equities of the particular case," *id.* at 543, because "[t]he applicability of rules of law is not to be switched on and off according to individual hardship," *id.* Thus, the Court concluded that "[b]ecause the rejection of [selective] prospectivity precludes retroactive application of a new rule to some litigants when it is not applied to others, the *Chevron Oil* test cannot determine the choice of law." *Id.* at 543.

In *Harper*, the Court stated:

> We accordingly adopt a rule that fairly reflects the position of a majority of Justices in *Beam*: When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

*Harper*, 509 U.S. at 97. Thus, the Court concluded:

> When this Court does not reserve the question whether its holding should be applied to the parties before it, ... an opinion announcing a [new] rule of federal law is properly understood to have followed the normal rule of retroactive application and must be read to hold that its rule should apply retroactively to the litigants then before the Court.

*Id.* at 97-98 (quotations and ellipsis omitted).

We agree with the Supreme Court's rejection of selective civil prospectivity, and will no longer apply the *Chevron Oil* test to that end. "[W]e can scarcely permit the substantive law to shift and spring according to the particular equities of individual parties' claims of actual reliance on an old rule and of harm from a retroactive application of the new rule." *Id.* at 97 (quotations and brackets omitted). To do so would compromise the value that we place upon "stability in legal rules." *See Matarese,* 147 N.H. at 400. Moreover, while "the doctrine of *stare decisis* is not one to be either rigidly applied or blindly followed" because "[t]he stability of the law does not require the continuance of recognized error," *id.* (quotation omitted), selective prospectivity of new rules "would only compound the challenge to the stabilizing purpose of precedent posed in the first instance by the very development of 'new' rules." *James B. Beam Distilling Co.,* 501 U.S. at 543.

This is not to say that we may not, in the course of issuing a new rule, state that the new rule will have only prospective effect. *See Lakeside Ave. L.P. v. Cty. Bd. Of Revision,* 707 N.E.2d 472, 475 (Ohio 1999). In the context of a civil case or controversy, we may determine that the old rule shall apply to conduct occurring before the issuance of the decision announcing the new rule. *Harper,* 509 U.S. at 115 (O'Connor, J., dissenting). However, "once a rule has been applied retroactively, the rule must be applied retroactively to all cases thereafter." *Id.* at 116 (O'Connor, J., dissenting).

In *Matarese,* we neither held, explicitly or impliedly, that our holding would have only prospective application, nor reserved the question for a later determination. To the contrary, we applied the new rule to the litigant then before the court. *Matarese,* 147 N.H. at 405. Accordingly, we conclude that our holding in *Matarese* must be applied retroactively to the plaintiffs' case.

We next address the plaintiffs' argument that we should overrule our holding in *Matarese* because it "runs contrary to the legislative intent of the New Hampshire legislature." The plaintiffs cite the legislature's failure to act after our decision in *Gorman* to support their argument that the legislature approved of *Gorman,* and thus necessarily disapproves of *Matarese.* The plaintiffs fail to address, however, the fact that the legislature has also taken no action in response to our holding in *Matarese,* which, following the plaintiffs' reasoning, would indicate legislative support of that holding as well. Regardless of legislative inaction following both *Gorman* and *Matarese,* we need not look beyond the uninsured motorist statute, *see* RSA 264:15, in reaffirming our holding in *Matarese.*

"In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute" considered as a whole. *Monahan-Fortin Properties v. Town of Hudson*, 148 N.H. 769, 771 (2002). We look first to the statutory language itself, and where possible, we ascribe the plain and ordinary meanings to words used. *Id.* "If the language is plain and unambiguous, we need not look beyond the statute for further indications of legislative intent." *Hynes v. Hale*, 146 N.H. 533, 539 (2000) (quotation omitted).

In *Matarese*, we concluded that "the phrase 'legally entitled to recover' ... is *clear and unambiguous*." *Matarese*, 147 N.H. at 403 (emphasis added). Thus, we did not look beyond the *statute* for legislative intent. Because the statute has not been amended in any respect since *Matarese*, and therefore remains unambiguous, we decline to look beyond the statute here. Unless the legislature amends RSA 264:15 so as to call *Matarese* into question, we will continue to follow our holding. *Estate of Libby v. State Farm Mut. Auto. Ins. Co.*, 147 N.H. 616, 619 (2002).

Accordingly, because under *Matarese* the plaintiffs cannot state a basis for legal relief, the defendants' motion to dismiss was properly granted.

*Affirmed.*

BROCK, C.J., and BRODERICK and DUGGAN, JJ., concurred.