Coos
No. 2002-434

## LEE JAMES ENTERPRISES, INC.

### v.

### TOWN OF NORTHUMBERLAND

Argued: March 12, 2003
Opinion Issued: August 1, 2003

*The D'Amante Law Offices, P.A.*, of Concord (*R. James Steiner* on the brief and orally), for the plaintiff.

*Mitchell & Bates, P.A.*, of Laconia (*Timothy Bates* on the brief and orally), for the Town of Northumberland.

*Jennifer Gallagher Villeneuve*, staff attorney, of Concord, by brief, for the New Hampshire Municipal Association, as *amicus curiae*.

*Beaumont & Campbell, Prof. Ass'n*, of Salem (*Bernard H. Campbell* on the brief), for the New Hampshire Tax Collectors Association, as *amicus curiae*.

NADEAU, J. The defendant, Town of Northumberland (town), appeals two orders of the Superior Court denying its motion to dismiss (*Perkins*, J.) and granting the motion of the plaintiff, Lee James Enterprises, Inc., for summary judgment (*Smith*, J.). We reverse and remand.

The parties stipulated to the following facts. The plaintiff owned property in the Town of Northumberland. The town took the property by tax deed, pursuant to RSA 80:58-:86 (1991 & Supp. 2002), in August 1996, for non-payment of $2,387.82 in property taxes. By the time the town took the property by tax deed, the plaintiff's unpaid taxes, interest, water and sewer charges owed to the town totaled $10,650.20. In January 1997, the

town sold the property for $50,000.00 to a third party. The town retained all proceeds from the sale, except for a $12,432.00 payment to a third-party creditor of the plaintiff.

The plaintiff sued the town in October 2000, claiming that the town wrongfully retained the excess monies received from the sale of the property. The plaintiff was later allowed to amend its writ to assert that retention of funds in excess of the tax liability constituted an unconstitutional taking. The town moved to dismiss the plaintiff's suit based upon our statement in *Thomas Tool Services v. Town of Croydon*, 145 N.H. 218, 220 (2000), that the holding in *Thomas Tool* that the pre-1998 version of the alternative tax lien statute is unconstitutional "shall apply to the parties and to any similar cases pending as of the date of this opinion but not concluded, but shall not be retrospectively applied." The trial court denied this motion, concluding that the *Thomas Tool* ruling "would not ban an action which had not yet commenced and was not otherwise barred by the statute of limitations." The parties then stipulated to the relevant facts and filed cross-motions for summary judgment. The trial court granted the plaintiff's motion and this appeal followed.

On appeal, the town argues that the trial court erred in finding that the plaintiff could pursue a claim for excess funds retained by the town following a tax sale, because in *Thomas Tool* we explicitly stated that our holding would not be retrospectively applied to cases not then pending in this or the superior court. Because that decision was issued on August 28, 2000, and the plaintiff's suit was not filed in superior court until October 2000, the town asserts that the plaintiff's suit for damages under the statute found unconstitutional is barred as a matter of law, even though it was filed within the relevant statute of limitations. *See* RSA 80:78 (1991) (providing ten-year contestability period for tax liens and collector's deeds). We agree.

The narrow legal question presented by this appeal is whether our holding in *Thomas Tool* applies retroactively to all cases that are not otherwise procedurally barred by the statute of limitations, as the trial court ruled, or barred by some other legal theory such as res judicata for already having received a final judgment. If *Thomas Tool* only applies prospectively, then the plaintiff concedes that its case must be dismissed.

We recently adopted a new approach for our retroactivity analysis in civil cases in *Ireland v. Worcester Insurance Co.*, 149 N.H. 656 (2003), which may appear to complicate the issue in this case. For that reason, we briefly review the history of retroactivity analysis in New Hampshire and explain why the *Ireland* holding does not affect our decision.

At common law, appellate decisions were presumptively retroactive because, by stating what the law is, the court merely stated what the law

always was. *Hampton Nat'l Bank v. Desjardins*, 114 N.H. 68, 73 (1974). We have recognized, however, that retroactive application of judicial decisions at times can cause harsh results, when, consistent with the doctrine of *stare decisis*, parties have relied upon a prior rule of law. *See id.* Therefore, we have applied our decisions prospectively whenever we thought justice would be better served by doing so. *See id.* at 74.

In a few cases, in the course of establishing a new rule of law, overruling past precedent or invalidating a statute, we have applied the new rule to the parties before the court, while expressly limiting its prospective or retrospective effect in other cases as part of our holding. *See Thomas Tool*, 145 N.H. at 220; *First NH Bank v. Town of Windham*, 138 N.H. 319, 328 (1994). *But cf. Ireland*, 149 N.H. at 660 (rejecting selective prospectivity for the application of new rules of law after the rule has been applied retroactively to a party at an earlier date). In most cases, however, we have said nothing about the retroactive effect that a newly articulated rule should have. *See, e.g., White v. Town of Wolfeboro*, 131 N.H. 1, 6 (1988) (retroactivity issue later explained by *Opinion of the Justices*, 131 N.H. 644, 649-50 (1989)). Thus, the question of whether a decision of this court announcing a new rule of law applies prospectively or retroactively has not usually arisen until a later case. *See, e.g., Ireland*, 149 N.H. at 660; *Hall v. Tibert*, 132 N.H. 620, 621 (1989); *Waid v. Ford Motor Co.*, 125 N.H. 640, 640 (1984); *Alexander v. Orford School Dist.*, 117 N.H. 641, 644 (1977).

When the retroactivity question did arise in a civil case, we traditionally applied the factors set forth by the United States Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), to determine whether the new rule of law should be applied: (1) retroactively to all transactions occurring both before and after the date of the decision announcing the new rule; (2) purely prospectively to transactions occurring after the date of the decision announcing the new rule; or (3) retroactively to cases before the court on the date of the decision announcing the new rule, but otherwise only to prospective transactions. *See Hampton Nat'l Bank*, 114 N.H. at 73-74.

In *Ireland*, we rejected the third option, which allowed selective prospectivity for the application of new rules of law. *See Ireland*, 149 N.H. at 660. We also rejected the *Chevron Oil* test for retroactivity analysis of new rules of law when we are asked to do that analysis in a later case and it would result in selective prospectivity for application of a new rule. *See id.* In doing so, we held that if we do not expressly decide or reserve the retroactivity question for a later date when we establish a new rule of law, then the new rule will be applied retroactively to all cases pending and to all events arising before or after the date of the decision. *Id.* at 659—60.

At first blush, the disputed statement in *Thomas Tool* that "[t]he application of the rule announced in this case shall apply to the parties and to any similar cases pending as of the date of this opinion but not concluded, but shall not be retrospectively applied[,]" *Thomas Tool*, 145 N.H. at 220, may appear to violate our prohibition against selective prospectivity for applying new rules of law. *See Ireland*, 149 N.H. at 660. It does not do so, however, because we expressly considered and decided the retroactivity issue in *Thomas Tool. Compare Thomas Tool*, 145 N.H. at 220, *with Ireland*, 149 N.H. at 660.

If our decision in *Thomas Tool* had been silent as to whether the rule of law we announced should apply retroactively, then *Ireland* would here apply, and we would hold today that our decision on the merits in *Thomas Tool* applies retroactively. Our decision in *Thomas Tool*, however, is not silent because we specifically considered the retroactivity issue and determined that we would apply our holding selectively. While our decision in *Ireland* would foreclose us from making such a choice in a civil case today, it does not overrule those cases in which we previously decided that a new rule of law should apply selectively. Nor does the plaintiff persuade us that we should overrule those cases today.

We expressly considered and decided the retroactivity of our *Thomas Tool* decision when we issued our holding in that case, and we decline to overrule that decision now. We limited our holding to apply only to the parties of that case and to similar cases challenging the pre-1998 alternative tax lien procedure that were pending on August 28, 2000. *Thomas Tool*, 145 N.H. at 220. Because the plaintiff filed this suit in October 2000, we conclude that the trial court erred by denying the town's motion to dismiss and by granting the plaintiff's motion for summary judgment.

*Reversed and remanded.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.