**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0052, <u>Kerry Kidd v. Commissioner, New Hampshire Department of Corrections</u>, the court on September 18, 2017, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Kerry Kidd, appeals the order of the Superior Court (<u>Bornstein</u>, J.) dismissing his complaint against the defendant, the Commissioner of the New Hampshire Department of Corrections (department), as time-barred and for failure to state a claim upon which relief may be granted.

The plaintiff is an inmate at the New Hampshire State Prison. Pursuant to the prison's internal disciplinary process, a hearing officer found him guilty, following a hearing, of fighting with another inmate. The hearing officer ordered the plaintiff to pay medical restitution in the amount of $713.38. In September, 2011, the department started deducting 50 percent of all deposits into the plaintiff's prison account to satisfy the order. <u>See</u> RSA 622:31-a (2001) (authorizing deductions from an inmate's account for cost of medical treatment for injuries inflicted on others).

On October 27, 2016, the plaintiff filed a complaint for injunctive relief, alleging that the department's deductions from his prison account without court order violated his civil rights. The plaintiff sought a court order prohibiting the department from making any further deductions and requiring it to return money previously withdrawn.

On December 16, 2016, the trial court dismissed the complaint, concluding that the action was time-barred and that the complaint failed to state a claim upon which relief may be granted.

In reviewing the trial court's order granting the department's motion to dismiss, our standard of review is whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery. <u>See Estate of Ireland v. Worcester Ins. Co.</u>, 149 N.H. 656, 657-58 (2003). Although we assume the truth of the facts alleged in the plaintiff's pleadings and construe all reasonable inferences in the light most favorable to him, we will

uphold the granting of the motion if the facts pleaded do not constitute a basis for legal relief.  See id. at 658.

The department asserts that the complaint is time-barred because it is either an untimely-filed request for a writ of certiorari, see Wentworth-Douglass Hosp. v. N.H. Dept. of Health & Welfare, 131 N.H. 364, 366 (1988), or a complaint filed after the expiration of the statute of limitations, see Lamprey v. Britton Constr., 163 N.H. 252, 257 (2012).  The plaintiff alleges that his complaint is timely under the "continuing wrong" doctrine.  See Thorndike v. Thorndike, 154 N.H. 443, 446-47 (2006).  For purposes of this appeal, we will assume, without deciding, that the complaint is not time-barred.

The plaintiff has failed to show that the department may not withdraw from his account, without a court order, for the cost of medical treatment for injuries inflicted on another inmate.  He first argues that the department's deductions violate RSA 524:6-a (Supp. 2016).  The department counters that the issue is not preserved because the plaintiff failed to raise it in the trial court.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (parties may not have judicial review of matters not raised in the trial court); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).  Assuming, without deciding, that the issue is preserved, we find no error.  RSA 524:6-a, entitled "Periodic Payment of Judgments," specifically applies to court judgments, not the department's internal disciplinary proceedings.

The plaintiff also argues that the department's deductions violate RSA 511:2 (Supp. 2016), which exempts certain property from attachment and execution.  RSA chapter 511 applies to property that may be attached and held as security for judgments.  See RSA 511:1 (2010).  Nothing in RSA chapter 511 supports the plaintiff's position that the restitution order is a judgment, or that the RSA 511:2 exemptions apply to deductions from an inmate's account.

We conclude that the plaintiff has failed to state a claim upon which relief may be granted.  See Estate of Ireland, 149 N.H. at 658.

Affirmed.

Dalianis, C.J., and Hicks and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

2